(85 South. 581)

LEDBETTER v. STATE. (7 Div. 626.)

(Court of Appeals of Alabama. April 6, 1920. Rehearing Denied April 18, 1920.)

1. CRIMINAL LAW ⬤➡866—"TRUE VERDICT" DEFINED.

A verdict is a true verdict, where it is the voluntary conclusion of the jury after deliberate consideration, though the respective jurors may have been liberal in concessions, conscientiously and freely made to each other, but is not a true verdict if it is the result of any rule or order, whether imposed by themselves, or by the court, or officer in charge.

[Ed. Note.—For other definitions, see Words and ,Phrases, True Verdict.]

2. CRIMINAL LAW ⬤➡866—A QUOTIENT VERDICT WILL BE SET ASIDE.

A verdict, rendered pursuant to an agreement of the jurors, that their verdict should be the result or quotient of a division by 12 of the sum total of all the jurors' separate assessment, ought to be set aside.

3. CRIMINAL LAW ⬤➡957(3)—AGREEMENT TO RENDER QUOTIENT VERDICT MAY BE ESTABLISHED BY ACTIONS OF JURORS.

The existence of an agreement of jurors to render a quotient verdict may be determined from their actions as well as words.

4. CRIMINAL LAW ⬤➡866—VERDICT, SLIGHTLY DIFFERENT FROM AGREEMENT, CANNOT CURE A QUOTIENT VERDICT.

The fact that the 'jury agreed to a slightly different verdict cannot cure the evil effects of a quotient verdict, if it appears that the agreement, made in advance, entered into or induced the result.

5. CRIMINAL LAW ⬤➡956(13) — EVIDENCE HELD TO PROVE AGREEMENT TO RENDER A QUOTIENT VERDICT.

Evidence held to prove that jurors agreed in advance to render a quotient verdict, and that such agreement was carried out.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

John Ledbetter was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Tate & Logan, of Anniston, for appellant.

The verdict was a quotient verdict and should have been set aside. 113 Ala. 620, 21 South. 328; 184 Ala. 244, 63 South. 549, 49 L. R. A. (N. S.) 415; 274 Ill. 637, 113 N. E. 934.

J. Q. Smith, Atty. Gen., and J. B. Sanford, of Talladega, for the State.

. Under the evidence the verdict was not a quotient verdict. 142 Ala. 162, 37 South. 925; 148 Ala. 115, 42 South. 1024; 4 Johns. (N. Y.) 487; 80 South. 36.

MERRITT, J. There is only one assignment of error that we regard as of any importance in this ·case. The defendant was indicted and convicted of a violation of the prohibition law. The fine placed on him by the verdict of the jury was $400 and the court added an additional hard labor sentence. The appellant moved for a new trial on the ground that the verdict of the jury was contrary to law, in that it was a quotient verdict. From the overruling of this motion, the defendant appeals. The contention of the defendant is that the verdict was arrived at by adding up the amounts each juror thought should be assessed and dividing the sum so found by 12. In support of the motion, the movant introduced in evidence a pencil memorandum on the back of a paper, which was found in the jury room 15 .or 20 minutes after the jury returned its verdict, and which unquestionably was used by the jury in arriving at its verdict. The memorandum showed 12 different amounts, ranging from $100 to $500, each number under the other, also the total of all the amounts, and its division by 12. The result of the sum total, divided by 12, amounted to three hundred and seventy-nine and a fraction dollars. It is true that two of the jurors testified on direct examina-

tion that the verdict was not arrived at in this manner, but on cross-examination they disclosed considerable familiarity with the paper; that the figures were made thereon; that it was used in ascertaining each juror's idea as to what the fine should be; and that when the total was added up and divided by 12 some one of the jurors moved that they make the amount even. $400. They flatly deny that any agreement was made that the addition and division of the amount as indicated would be their verdict, but enough is clearly disclosed from their own testimony and the other facts in the case to convince us that this was the manner, way, and at least implied agreement whereby the fine was determined upon in this case.

[1-3] A true verdict is the voluntary conclusion of the jury after deliberate consideration, and it is none the less a true verdict because the respective jurors may have been liberal in concessions to each other, if conscientiously and freely made. A verdict is not a true verdict, the result of any arbitrary rule, or order, whether imposed by themselves or by the court or officer in charge. If a jury should agree in advance, and this agreement may be determined by their actions as well as words, that their verdict should be the result or quotient of a division by 12 of the sum total of all the jurors' separate assessments, a verdict brought about by such an agreement ought to be set aside. 28 Am. & Eng. Ency. Law, p. 267; Southern Ry. Co. v. Williams, 113 Ala. 620, 21 South. 328.

The vice of permitting such verdicts to stand is well stated in the case of Haight v. Hoyt, 50 Conn. 583, where it is said that the practice of juries marking severally the amount of damages which they were individually in favor of finding for the plaintiff, and dividing the aggregate of these amounts by the number of jurors, is a reprehensible one. A fair verdict, and deliberate opinion of the jurors upon the evidence, could scarcely in this manner be obtained. Some of the jurors would make a much larger sum than their candid judgment would sanction, in order to make up the expected deficiency of others, and so the honest jurors would be deceived and a dishonest verdict obtained.

[4] The fact that the jury agreed to a slightly different verdict, if it appears that the agreement made in advance entered into or induced the result, cannot cure the evil effects of a quotient verdict. I. A. C. v. Abercrombie, 184 Ala. 244, 63 South. 549, 49 L. R. A. (N. S.) 415, and authorities there cited.

[5] A full consideration of all of the testimony shows that by their acts the jury did agree in advance to a quotient verdict, and that this agreement was carried out. Men

may proclaim with their lips that they did or did not agree to do certain things, and yet, when their actions in the premises are looked to, what they said and did is considered in the light of common sense and reason, a very different result is arrived at; and to say that the verdict in this case was not reached in such a manner as to make it a quotient verdict, considering all that was said and done, requires too great a draft upon human credulity. We are of the opinion that the verdict was not a true verdict, and should have been, set aside.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.