(115 So. 146)

### TISDALE v. STATE. (3 Div. 573.)

Court of Appeals of Alabama. Jan. 17, 1928.

Foster & Foster, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J. Appellate courts are sometimes criticized for allowing "technicalities" to control the determination of appeals. We will not discuss the justice or injustice of this criticism. Suffice to say that this court has steadily adhered, and does now adhere, to the view that verdicts of petit juries, and judgments of nisi prius courts rendered thereon, ought not to be overturned by us on purely "technical" grounds, where it clearly appears that no injustice has been done the appellant. But verdicts of juries *must* be arrived at in the manner prescribed by law. Otherwise we would have a chaotic condition akin to anarchy.

In this case it is made to appear from the record clearly to our satisfaction, that the verdict of the jury was what is known as a "quotient" verdict. The vice of permitting such verdicts to stand has been clearly pointed out by this court in the case of Ledbetter v. State, 17 Ala. App. 417, 85 So. 581, and in the authorities cited in the opinion in that case. It is needless for us to undertaking here to repeat what was there said. Appellant's motion for a new trial should have been granted.

The judgment is reversed, and the cause remanded.

Reversed and remanded.