(135 So. 646)

## STONE v. STATE.

### 8 Div. 404.

Court of Appeals of Alabama.

June 16, 1931.

Rehearing Stricken June 30, 1931.

Proctor & Snodgrass, of Scottsboro, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The contention is made that the verdict of the jury was the result of a quotient, and therefore will not support the judgment. Whenever it is legally made to appear that the verdict of a jury is the result of a quotient, i. e., an agreement in advance of a vote that the verdict shall be the result or quotient of a division by twelve of the sum total of all the jurors' separate assessments, either of amounts in dollars or terms of imprisonment, such verdict will be set aside on timely motion. Ledbetter v. State, 17 Ala. App. 417, 85 So. 581; Tisdale v. State, 22 Ala. App. 305, 115 So. 146.

The fact that the jury agreed to a slightly different verdict than the quotient arrived at cannot cure the evil effects of such a verdict, if it appears that the agreement made in advance entered into or induced the result. Authorities, supra.

In this case it was made to appear by competent evidence, on the hearing of defendant's motion to set aside the verdict for a new trial, that a paper used by the jury in arriving at its verdict contained figures made by one of the jurors, indicating the separate assessment of terms by each of the twelve jurors, a quotient of the ag-

gregate of these terms when divided by twelve. The quotient was 15$\frac{7}{12}$ being a figure slightly in excess of the 15 years fixed in the verdict. The rule which prevents impeachments of verdicts by the testimony of members of the jury would naturally prevent a more detailed statement of what occurred in the jury room, but a conclusion that this paper, made by a juror, in the jury room during the consideration of the verdict, can mean but one thing, and that was that there was an agreement acted upon by the jury as a whole looking to a verdict by means of a quotient. Such verdicts cannot stand. Southern Ry. Co. v. Williams, 113 Ala. 620, 21 So. 328.

The motion should have been granted, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.