159 So. 373

## ROBERTS v. STATE.
### 7 Div. 75.

Court of Appeals of Alabama.
Feb. 12, 1935.

Scott & Dawson and C. A. Wolfes, both of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

This is the second appeal in this case and in which former appeals the facts are stated. Roberts v. State, 25 Ala. App. 477, 149 So. 356.

The trial resulting in the judgment from which this appeal is taken was conducted in all things in accordance with the opinion rendered by this court on former appeal, and therefore there is no error appearing in any of the rulings of the court on the trial.

After conviction defendant made a motion for a new trial, in which it is insisted that the verdict of the jury was what is known as a "quotient verdict," i. e., that in fixing the punishment each juror placed a number on a slip of paper, these numbers were then added together and divided by twelve, and the quotient was declared to be the verdict of the jury. Whenever it is legally made to appear that the verdict of a jury is the result of a quotient, i. e. an agreement in advance of a vote that the verdict shall be the result or quotient of a division by twelve of the sum total of all the jurors' separate assessments, either in amount in dollars or terms of imprisonment, such verdict will be set aside on timely motion. Led-

better v. State, 17 Ala. App. 417, 85 So. 581; Tisdale v. State, 22 Ala. App. 305, 115 So. 146; Stone v. State, 24 Ala. App. 400, 135 So. 646.

■ The existence of such an agreement on the part of a jury to render a quotient verdict may be inferred from papers and figures found in the jury room immediately after the rendition of the verdict, having earmarks tending to connect such papers and figures with the deliberations of the jury in the particular case. Ledbetter v. State, supra.

■ This court is convinced that the verdict in this case was the result of a compromise based upon a quotient and as such should not be allowed to stand.

■ It is also insisted that the conduct of the deputy sheriff in refusing to permit the jury to see the judge, upon their request, relative to the punishment to be fixed, is error. The jury should at all times during their deliberations have access to the judge for such additional legal instructions as they may require, and no sheriff or deputy having the jury in charge has any right to instruct them or to gainsay this right. The influence of such officer's communications, acts, or declarations to or in the presence of the jury will be credited with more effect than is accorded to those made by outsiders, and if such acts are reasonably calculated to prejudice defendant a new trial will be granted. 16 C. J. 1165 (2673). The act of the deputy in the instant case may have influenced the jury to have resorted to a quotient verdict, rather than to continue deliberation in an effort to arrive at a verdict which would reflect the true findings of the whole jury. A "verdict," within the meaning of the law, is a true response of twelve men to the issues in the case, arrived at after a consideration of all the evidence in the case, by each juror acting independently and voluntarily in forming his conclusion. The concurrent coincident conclusion of the twelve is the verdict. As such the verdicts of petit juries stand as the safeguard of personal and property rights.

The motion for a new trial should have been granted, and for the error in not granting it the judgment is reversed and the cause is remanded.

Reversed and remanded.