27 So.2d 41

## TILLISON v. STATE.

### 6 Div. 205.

Court of Appeals of Alabama.
May 14, 1946.

Rehearing Denied June 4, 1946.

Lewey Robinson, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

In the court below appellant was charged under two counts of a complaint, omitting formal parts, as follows:

1. "* * * That, within twelve months before the commencement of this prosecution Frank Tillison, alias Frank Tillerson did have in his possession for sale twelve quarts and ten pints of untaxed whiskey without permission of the Alcoholic Beverage Control Board contrary to law;"

2. "* * * that within twelve months before the commencement of this prosecution, he did have illegal whiskey in his possession contrary to law * * *."

■ Demurrers to the complaint as a whole raise the question in the main insistence that since Jefferson County is a wet county the charge in neither count of the complaint has application, and hence there is no law making such alleged act or acts a criminal violation. This position has been decided adversely to the contention of appellant. Lovett v. State, 30 Ala.App. 334, 6 So.2d 437, certiorari denied 242 Ala. 356, 6 So.2d 441; Lovett v. State, 31 Ala.App. 210, 14 So.2d 837, certiorari denied 244 Ala. 601, 14 So.2d 838.

■ The evidence discloses without dispute. that two officers made a search of appellant's roadhouse or night club, and in the upstairs of the building found twelve quarts and ten pints of whiskey which admittedly belonged to the defendant. The liquor bore the United States Government Stamp and the stamp of the State of Illinois, but was not labeled with the liquor stamp of Alabama evidencing that it had been purchased at any designated or required store in this State. Neither was appellant permitted by license from the Alcoholic Beverage Control Board to sell whiskey at this establishment.

We hold that this evidence was sufficient upon which to base a judgment of conviction as charged in the complaint. Title 29, Sec. 155, Code 1940; Sinbeck v. State, 28 Ala.App. 118, 179 So. 645.

■ After the jury had deliberated for a while it returned to the court room for further instruction. The trial judge restated to the jury a portion of his oral charge. Exceptions were taken by appellant. Complaint is made that the trial judge restated a part of his oral charge and in this manner gave added and undue emphasis to said portion.

■ We fail to see how this action on the part of the lower court could in any way interfere with the legal rights of the defendant. We take it that the jury came to a place in its deliberation where it wanted further light and it sought this light from the only source open to it. The law wisely gives this opportunity to a jury which at all times has access to the trial court for legal instruction. Montgomery v. State, 21 Ala.App. 327, 108 So. 348; Roberts v. State, 26 Ala.App. 331, 159 So. 373.

The judgment of conviction in the nisi prius court should, in our opinion, be affirmed, and it is so ordered.

Affirmed.