BOWEN, Judge.
The defendant was indicted and convicted for forgery in the first degree. Sentence was eight years’ imprisonment.
I
The trial court properly charged the jury on the defense of duress even though the instructions had not been requested by the defendant.
In a statement given to a police officer after his arrest, the defendant stated that two men had threatened him with bodily harm if he did not try to get the check cashed. The voluntariness of this statement is not questioned. The defense presented no evidence. In its original charge, the trial judge did not instruct the jury on the defense of duress.
At 3:40 P.M. the jury retired to begin deliberations. At 4:05 P.M., twenty-five minutes later, a single juror was brought into the courtroom and examined concerning her acquaintance with the defendant’s mother. This matter was resolved to the satisfaction of both the State and the defendant and the juror returned to the jury room.
At 4:18 P.M., the entire jury returned to the courtroom and submitted two questions to the trial judge. In answer to the first question, the court properly instructed the jury.
The second question was: “If we, the jury, agree that Mr. Gibson did try to pass this check but was acting in fear, what would be the outcome? The court then charged the jury on the principles of the defense of duress. No objection was made to this charge.
After a short conference held at the bench the trial court charged the jury that the defense of duress must be proved to their reasonable satisfaction. Defense counsel then objected to this additional statement. The jury returned to the jury room to continue its deliberations and reached a verdict at 4:45 P.M.
In his brief, the defendant asserts the basis of his complaint.
“The Appellant does not contend that the charge as to the defense of duress was incorrect as to its content, but that at the time it was given, it unfairly prejudiced the minds of the jurors towards the Appellant and unfairly swayed them to render a verdict against the Appellant a very short time after they received the charge.”
Initially, we note that the objection made at trial and the objection raised before this Court are different. Consequently, we have nothing to review. It is a fundamental principle of trial and appellate procedure that specified grounds of objection waive all grounds not specified and the trial court will not be put in error on grounds not assigned. Stemple v. State, 352 So.2d 33, 36 (Ala.Cr.App.1977). A trial court is required to pass on the grounds of objections which are announced; those omitted are deemed waived.
However, even with proper objection, the action of the trial court was proper. A court must instruct on the law applicable to all theories presented by the testimony. Glover v. State, 21 Ala.App. 423,109 So. 125 (1926).
*327 A jury is entitled at all times to have access to the trial court for legal instructions. Tillison v. State, 32 Ala.App. 397, 27 So.2d 41, cert. denied, 248 Ala. 196, 27 So.2d 46 (1946).
It is proper for the trial judge to give additional instructions on questions presented by the jury which the court failed to touch on or adequately cover in the original charge. “The Court may give further instructions at the jury’s request, as by reading certain instructions previously given, or on its own motion without their request ., in its discretion recharging them in full or only on the point requested.” 23A C.J.S. Criminal Law § 1376(c). “[T]he court in its sound discretion may give additional instructions without request of the jury.” 23A C.J.S. Criminal Law § 1376(a).
Juries must try and determine cases according to the law and the facts and not according to their own private opinions. Crumpton v. State, 167 Ala. 4, 52 So. 605 (1910). The trial judge did not comment on the evidence or on the merit of the defense of duress. There is no evidence or contention that the jury was unable to reach a verdict before receiving these instructions or that the additional charge aided in breaking any deadlock. Consequently, we find no error in the action of the trial court.
II
The “Alabama Rules of Criminal Procedure-Temporary Rules” numbered 1 through 11 became effective by order of the Alabama Supreme Court on February 23, 1980. Rule 6(b)(1) provides:
“Unless the court has no discretion as to the penalty to be imposed and no powers to suspend execution of the sentence, the court shall conduct a sentence hearing, unless waived by the parties with consent of the court. The sentence hearing may commence immediately after a determination of guilt or may be continued to a later date to be set by the court.”
The defendant was convicted on March 3, 1970. At that time the trial judge informed the defendant:
“Sentencing at this point will be set for April 25th at nine, o’clock. The application for probation will be ruled upon at that time. As to whether under the new rules there must be a sentence hearing, I will discuss this with the presiding judge and make the policy of this circuit known to Mr. Raiford, the defendant’s attorney. If there need be a hearing set before that date, Mr. Raiford will be notified.”
On the day set for sentencing the State nrobation officer furnished the judge a report (presentence investigation). At this time the defendant and his attorney were present. The trial judge denied probation and sentenced the defendant to eight years’ imprisonment.
In State v. Bracewell, Ala.S.Ct. 78-249 (Ms. May 25, 1979), the Alabama Supreme Court, in finding no error in the admission of a defendant’s confession, held: “Absent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto; and we so hold.”
This offense was committed in September 29, 1979. Since the rule for a sentence hearing did not become effective until February 23, 1980, it does not govern.
We have searched the record for error as required by law and have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.