George Herman Thomas, Jr. was indicted for the murder of one Lorre Beth Hutchinson by "striking her on or about her face or head with his hands and feet, thereby knocking her prostrate in an inside lane of a heavily traveled public thoroughfare, . . . and thereafter leaving her lying in said thoroughfare where she was struck and killed by an automobile . . .", in violation of §13A-6-2, Code of Alabama 1975. The jury found the appellant "guilty of murder," and, after a sentencing hearing, the trial judge sentenced the appellant to life imprisonment.
The appellant does not challenge the weight and sufficiency of the evidence against him, therefore, only a succinct statement of the facts is necessary.
The record reveals that on July 25, 1981, the appellant, Lorre Beth Hutchinson, Maurice Coleman, and Kathy Titton were together, playing cards and drinking. This group had gone to several night clubs where they continued to drink, before returning to the appellant's apartment. The appellant and Lorre Beth Hutchinson had an argument, after which the appellant left his apartment and began drinking whiskey out of a bottle.
The record further reveals that at approximately 2:00 a.m. on the morning of July 26, 1981, the appellant was observed standing over a woman in the doorway of an apartment, and he was kicking her about the head, face and shoulders. The appellant then dragged this woman into the middle of the street and walked back towards the apartment. The appellant was observed motioning for an automobile to "come on and run over her." (R.87) Subsequently, a speeding car came down the street and hit the woman lying in the street. The appellant was arrested at the scene shortly thereafter. *Page 280 
 I
The appellant contends that the trial court erred in allowing Dr. Bruce Alexander, a pathologist, to express his opinion as to the cause of the injuries of the deceased. The appellant specifically argues that the question asked by the prosecutor was a hypothetical question, based on facts not in evidence, and that the form of the question was not proper.
The record reveals the basis for the appellant's argument on this point. The following portion of the record places the complained of testimony within its proper context:
 "Q Now, based on your examination, do you have an opinion as to the cause of the death of Lorre Beth Hutchinson?
"A Yes, sir, I do.
"Q What is that opinion, please sir?
 "A In my opinion, the deceased died as a result of these massive blunt force injuries which I have described, with result of blood loss and shock.
 "Q Is this consistent with a pedestrian-vehicular accident?
 "MR. PERHACS: We object to the form of the question, Your Honor. We have not got to the foundation and not proposed the proper hypothetical to this witness in order to receive that kind of statement. I object.
 MR. BOUDREAUX: Your Honor, I am simply asking based on his training and experience and from the results of this autopsy whether or not that is consistent.
 "MR. PERHACS: And I regret, Your Honor, that is not the proper form for the question. And I object.
"THE COURT: Do you have an answer to that question?
"THE WITNESS: I have an opinion, yes.
"THE COURT: Overruled.
 "THE WITNESS: In my opinion these massive blunt force trauma injuries are consistent with pedestrian-vehicular accident.
 "Q (By Mr. Boudreaux) Now, some of the injuries that you have mentioned, I would like to ask you about some of those. The superficial injuries, I believe that you mentioned on the hand and neck and face, do you have an opinion as to whether or not they were consistent with a pedestrian-vehicular accident?
 "MR. PERHACS: Same objection, Your Honor, that is not the proper form. We do not have before the Court the evidence upon which this man is offering the testimony and we object on those grounds.
"THE COURT: Overruled.
"THE WITNESS: Yes, sir, I have an opinion on that.
 "A My opinion is based on the presence of a superficial injury, as I have described, in the — around the face and particularly clustered in the neck, not accompanied by any massive internal or blunt force type of injury. That is, I would think with simply collision and then resultant lacerations. Those lesions, though, by definition were blunt lesions, so could possibly be caused by any blunt object. (R.49-50)
Before Dr. Alexander testified as to his opinion of the manner or means by which the deceased's injuries could have been inflicted, he testified extensively about the nature of such injuries and to the cause of death.
The trial court committed no error in allowing the witness to answer the question. The qualifications of Dr. Alexander as an expert witness were extensive. He was certainly qualified to describe the nature and extent of the injuries found on the deceased's body and to state his opinion as to the manner or means by which they could have been inflicted. Thomas v. State,249 Ala. 358, 31 So.2d 71 (1947); White v. State, 294 Ala. 265,314 So.2d 857 (1975); Tuck v. State, 384 So.2d 1240
(Ala.Crim.App. 1980); Bell v. State, 435 So.2d 772
(Ala.Crim.App. 1983). Further, such testimony was not reversible error because it concerned an undisputed and uncontested matter — that the victim was run over by an automobile. The admission of evidence is harmless if that evidence concerns an undisputed *Page 281 
matter. Rogers v. State, 53 Ala. App. 573, 302 So.2d 547 (1974);Yelton v. State, 294 Ala. 340, 317 So.2d 331 (1974); Johnson v.State, 378 So.2d 1164 (Ala.Crim.App.), writ quashed,378 So.2d 1173 (Ala. 1979).
Finally, opinion testimony, offered by an expert witness, may be based upon facts within his knowledge, or he may give an opinion based upon a hypothetical question, based upon facts already in evidence, or evidence to be subsequently admitted. C. Gamble, McElroy's Alabama Evidence, § 130.01 (3rd Ed. 1977), and cases cited therein. Such testimony was not erroneously admitted in this case and was not prejudicial to the appellant in light of subsequent testimony revealing that the victim had been run over by an automobile.
 II
The appellant contends that the trial court erred by giving additional instructions on the definition of "reckless", and in giving additional instructions on the definition of "intoxication." In both instances, these additional instructions were given after requests by the jury. The appellant argues that the trial court should have given its entire oral charge again instead of only giving the definitions requested by the jury. He further argues that the giving of only the requested portions of the charge places undue emphasis on that portion. We do not agree.
This court has opined on many occasions that the jury is entitled at all times to have access to the trial court for such additional instructions as they may require. Tillison v.State, 32 Ala. App. 397, 27 So.2d 41, aff'd, 248 Ala. 196,27 So.2d 46 (1946); Roberts v. State, 26 Ala. App. 331, 159 So. 373
(1935); Sanders v. State, 426 So.2d 497 (Ala.Crim.App. 1982). A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury.White v. State, 195 Ala. 681, 71 So. 452 (1916); Thomas v.State, 393 So.2d 504 (Ala.Crim.App. 1981); Brazell v. State,423 So.2d 323 (Ala.Crim.App. 1982); Davis v. State,440 So.2d 1191 (Ala.Crim.App. 1983), cert. denied, ___ U.S. ___,104 S.Ct. 1452, 79 L.Ed.2d 770.
This court has further held that, when the jury calls for additional instruction and clearly delineates the area of its request, "it is the recommended practice for the trial court to remain within such area." East v. State, 339 So.2d 1104
(Ala.Crim.App. 1976); Brazell v. State, supra; Davis v. State, supra. Moreover, such a practice does not give added weight or place undue emphasis on that portion of the oral charge. Carterv. State, 356 So.2d 682 (Ala.Crim.App.), cert. denied,356 So.2d 689 (Ala. 1978); Laffity v. State, 423 So.2d 280
(Ala.Crim.App. 1982); Sanders v. State, supra.
We have carefully searched the record for errors injurious to the appellant and find none therein. Therefore, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.