Two personal injury cases and a wrongful death case were consolidated for trial, all arising out of the collision of two automobiles at an intersection in the City of Montgomery. Vernita Grant, the driver of one of the automobiles, was seriously injured in the collision. Nekilla Bailey, who was injured, and Timothy Lucas, who was killed, were passengers in the Grant automobile at the time of the collision. The defendants were Leah Ashley Owens, who was alleged to be the driver of the other automobile involved in the collision, and Billy Owens and Annette Owens, the parents of Leah.[1] A jury returned verdicts for the defendants in the Bailey personal injury case and the Lucas wrongful death case. The court entered judgments for the defendants in those cases. The jury could not reach a verdict in the Grant personal injury case, and the trial court declared a mistrial. Subsequently, the trial court granted motions for new trials in the Bailey and Lucas cases. The defendants appeal.
The issues presented are 1) whether Bailey and Lucas were entitled to new trials on the ground that there were inconsistent verdicts returned by the jury or on the ground that the verdicts in their cases were against the weight of the evidence, and 2) whether the defendants were entitled to a judgment as a matter of law in the Grant case based on the doctrines of res judicata or collateral estoppel.
In arguing whether there were inconsistent verdicts and whether the doctrines of res judicata or collateral estoppel were applicable, the parties reverse their positions. So these will be discussed together.
The defendants contend that a hung jury renders no verdict at all. This is the position taken by the plaintiffs in their res judicata argument. The plaintiffs argue as follows:
 "[R]es judicata does not apply. It would be simply a travesty of justice to hold that a mistrial represents adjudication on the merits and that because in a consolidated case, two cases resulted in a verdict, *Page 391 
and the other a mistrial, then necessarily, the mistried case cannot be tried over and judgment must be entered in the mistried case where a jury obviously could not make up their minds. Such reasoning ignores the fact that a mistrial 'is equivalent to no trial at all.' Thomas v. Ware
[44 Ala. App. 157], 204 So.2d 501, 504 (Ala.Civ.App. 1967)."
Appellees' brief at page 43. If a mistrial is no trial at all, then the result of that trial is not a verdict. "Verdict" is defined in Black's Law Dictionary 1398 (5th ed. 1979):
 "[T]he . . . decision or finding made by a jury, impaneled and sworn for the trial of a cause, and reported to the court (and accepted by it), upon the matters or questions duly submitted to them upon the trial. The definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination."
When a trial ends in a mistrial, there is no "decision or finding made by a jury," and there is no "definitive answer given by the jury . . . concerning the matters of fact." InRoberts v. State, 26 Ala. App. 331, 331, 159 So. 373, 374
(1935), the Court of Appeals defined "verdict" as:
 "A true response of 12 men to the issues in the case, arrived at after a consideration of all the evidence in the case, by each juror acting independently and voluntarily in forming his conclusion, or the concurrent coincident conclusion of the 12."
A mistrial results in no verdict.
Alabama adheres to the general rule that where a jury verdict in a civil case is inconsistent and contradictory, it should be set aside and a new trial granted. Luker v. City of Brantley,520 So.2d 517, 521 (Ala. 1987). A jury verdict for an agent as defendant cannot be reconciled with a verdict against the agent's principal if the only claim against the principal is based on the underlying negligence of the agent. Likewise, when two cases are consolidated for trial, and one is a derivative claim (such as a parent's claim for medical expenses and loss of services of the parent's injured minor child), and the other is the minor's claim based on personal injury resulting from the defendant's negligence, if the jury finds for the defendant on the minor's claim for personal injury but finds for the parent on the parent's derivative claim, then the verdicts are inconsistent and contradictory, and the verdicts on both claims must be set aside on proper motion. Smith v. Richardson,277 Ala. 389, 171 So.2d 96 (1968); Lindsey v. Hackney, 283 Ala. 372, 217 So.2d 238 (1968). In the cases at issue, however, we are not dealing with vicarious liability, nor are we dealing with derivative claims.
In this case, we are confronted with three independent causes of action — two based on personal injuries sustained by two separate plaintiffs, and the other based on the death of the third plaintiff's intestate — all allegedly caused by the same negligent or wanton acts of the defendants.
In the Lucas case, the following verdict was rendered:
 "We, the jury, find the issues in favor of the defendants."
The jury was polled, and each juror answered that this was his or her verdict.
In the Bailey case, the following verdict was rendered:
 ". . . [F]urther, we find the issues in favor of the following defendants:
"Leah Ashley Owens, et al. [handwritten]
 "We, the jury, find the issues in favor of the defendants."
The jury was polled and each juror answered that this was his or her verdict.
For some reason known only to those jurors, the jury could not reach a verdict in the Grant case.
If three separate juries had reached the result reached by this single jury, even though based on identical evidence, the two verdicts for the defendants would stand, for we would know with reasonable certainty what facts were found by the two juries that rendered verdicts for the defendants. The mere fact that another jury was unable to reach a verdict in the third case would not taint the verdicts of the other two *Page 392 
juries. Nor would the verdicts of the other two juries preclude the retrial of the third case in which the jury did not reach a verdict. However, when a single jury does this in three cases consolidated for trial, must we assume that because of what appears to be an inconsistent, irreconcilable result reached, the jury was so confused that its confusion must be taken to have tainted the verdicts rendered? Or should we apply the doctrine of issue preclusion and hold that because the issue of liability was decided in two of the three cases and because there is nothing to materially distinguish the liability in the third case from the liability in the other two cases in which verdicts were rendered, the issue of the defendants' liability is precluded from being retried?
We opt to do neither, but to hold that there was no verdict in the case that was mistried; and, therefore, that there were no inconsistent or contradictory verdicts that would require or permit the trial court to set aside the verdicts returned by the jury. Grant does not have identical interests with Bailey or with the plaintiff in the Lucas wrongful death action. Grant was not a party in the Bailey case or the Lucas case while the issue of liability was litigated. This distinguishes this case from Whisman v. Alabama Power Co., 512 So.2d 78, 82-84 (Ala. 1987). The plaintiffs in the Bailey and Lucas cases were not representing Grant's interest in those cases. This distinguishes this case from Century 21 Preferred Properties,Inc. v. Alabama Real Estate Commission, 401 So.2d 764, 770
(Ala. 1981). Even though the three cases were consolidated for trial, the same lawyer represented the plaintiffs, and the same person appeared in a representative capacity on behalf of Grant and Bailey in Grant's action to recover for Grant's personal injuries and in Bailey's action to recover for personal injuries, Grant's interests were not adequately represented in the Bailey action or the Lucas action, so as to preclude Grant's new trial on the ground of res judicata or collateral estoppel. To hold otherwise would constitute a denial of Grant's constitutionally guaranteed right to a remedy. Alabama Constitution 1901, Article I, § 13.
If a new trial is granted on the sole ground that it is contrary to the weight of the evidence, Jawad v. Granade,497 So.2d 471, 477 (Ala. 1986), requires that this Court reverse the trial court's new trial order as an abuse of discretion "where on review it is easily perceivable from the record that the jury verdict is supported by the evidence." (Emphasis added.)
There was a factual question as to whether Leah Owens was driving one of the automobiles at the time of the collision; however, even if we cannot easily perceive from the record that the jury verdict is supported by the evidence on this issue, it is easily perceivable that the jury could have found that Leah was not negligently or wantonly operating her vehicle at the time of the collision, which occurred at the intersection of Jackson and Hutchinson Streets.
Assuming that the jury found that Leah Owens was driving, the evidence showed that Hutchinson Street was a through highway from Oak Park to Jackson Street (Ala. Code 1975, § 32-5A-113). Although Jackson Street had been designated a through highway at its intersection with Hutchinson Street, this fact was unknown to Leah. The undisputed evidence showed that there was no stop sign or yield sign on Hutchinson Street at its intersection with Jackson Street at the time of the collision. There is evidence that the Jackson-Hutchinson intersection was a "blind" intersection. Excessive speed was not a factor in the collision. It is easily perceivable that the jury could have found that Leah did not breach her duty to exercise reasonable care in entering the intersection. Ala. Code 1975, § 32-5A-110.
Bailey and Lucas's actions against Leah's parents were based on the doctrine of negligent supervision (Bailey and Lucas citeLand v. Niehaus, 340 So.2d 760 (Ala. 1976); Walker v. Garris,368 So.2d 277 (Ala. 1979), and Standifer v. Pate, 291 Ala. 434,282 So.2d 261 (1973)) and negligent entrustment. We pretermit discussion of whether there is a cause of action for negligent *Page 393 
supervision, separate and apart from negligent entrustment, under the facts in this case, where a minor is allegedly driving an automobile, not in her parents' presence, and negligently or wantonly injures third persons. For Bailey and Lucas to recover from Leah's parents, Leah must have negligently or wantonly injured Bailey and killed Lucas intestate. As previously noted, it is easily perceivable that the jury could have found that Leah was not negligent or wanton; therefore, the trial court abused its discretion in setting aside the jury verdicts for the defendants in these two cases.
1910635 and 1910638, AFFIRMED.
1910634, 1910636, 1910637, and 1910639, REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Parks Ford, Inc. (the owner of the vehicle Leah was driving), paid $40,000 into court before the case was submitted to the jury and was dismissed as a defendant. The City of Montgomery (whose alleged liability was predicated upon the failure to maintain a stop sign at the intersection where the collision occurred) entered into a $500 pro tanto settlement with Bailey after trial and was dismissed as a defendant in all three cases. Parks Ford and the City of Montgomery are not parties to this appeal.