THOMAS, Judge.
In February 2007, Robert Chandler, a postman, was attacked by a Rottweiler owned by Kenneth Cain when Chandler delivered mail to Cain’s residence, which was a rental property owned by Aaron Brian Fielder. In July 2008, Chandler sued Fielder and several fictitiously named parties, alleging that Fielder should be held responsible for his injuries because Fielder had allowed Cain to keep a dangerous dog on Fielder’s premises. Chandler later amended his complaint to name Cain as a defendant; Cain, however, failed to answer the complaint, and Chandler ultimately sought and received a default judgment, with leave to prove damages, against Cain.
In October 2009, Fielder moved for a summary judgment; he supplemented his motion in March 2010. Chandler opposed the motion for a summary judgment, and the trial court denied the motion. The entire action was stayed in March 2011 because Fielder had filed a bankruptcy petition. On Chandler’s motion, the trial court restored the action to the active docket in December 2011, and the trial court set the matter for a trial on March 26, 2012.
The case was tried before a jury on March 26 through March 29, 2012. Fielder was not present at the trial, but he was represented by counsel. Fielder filed two motions for a judgment as a matter of law, pursuant to Rule 50, Ala. R. Civ. P., during the course of the trial; neither was granted. During the jury deliberations on March 29, 2012, counsel for Chandler discovered information relating to Fielder’s failure to be present for the trial that, he argued, would have been a basis for challenging Fielder’s veracity. Based on that information, Chandler moved for a mistrial, which the trial court granted. By the time the trial court granted Chandler’s motion for a mistrial, the jury had reached a verdict in favor of Fielder; however, because it was declaring a mistrial, the *632 trial court did not accept the verdict of the jury.
Fielder filed several motions after the trial court declared a mistrial. He first sought to “supplement the record” with the jury-verdict form; the trial court denied that motion. He also moved to “strike, seal, and expunge prejudicial information” from the record and sought an amendment to the trial court’s order denying the motion to supplement the record with the jury-verdict form. Finally, on April 27, 2012, Fielder filed a “motion to enter judgment on the jury’s verdict or grant a judgment as a matter of law under ... Rule 50(b),” Ala. R. Civ. P. (“the renewed motion for a judgment as a matter of law”), on the issue whether he, as a landlord and premises owner, had any duty to Chandler to protect Chandler from Cain’s dog.[1]
The trial court scheduled a hearing on Fielder’s pending motions for May 18, 2012. After that hearing, the trial court entered an order continuing the hearing on Fielder’s motions. The order further provided that the hearing would be reset on the motion of either party or at the court’s discretion.
On May 31, 2012, Chandler moved to have the trial reset on the trial court’s docket. Chandler also requested that the trial court compel Fielder to submit to a deposition. Fielder sought a protective order, arguing that he had already submitted to a deposition.
The trial court held another hearing on the pending motions on August 31, 2012. After that hearing and on that date, the trial court entered an order denying all of Fielder’s pending motions. On the same date, the trial court entered a separate order setting the case for a trial and ordering Fielder to submit to another deposition.
Fielder filed a petition for the writ of mandamus in our supreme court on October 4, 2012. In his petition, Fielder sought review of the order declaring a mistrial and the trial court’s denial of his other motions, including the renewed motion for a judgment as a matter of law. That petition was denied on October 80, 2012.[2] Fielder filed an application for rehearing, but it also was denied.
On October 10, 2012, Fielder filed a notice of appeal to our supreme court from the August 31, 2012, order denying, among other things, the renewed motion for judgment as a matter of law. Our supreme court transferred Fielder’s appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6). On appeal, Fielder challenges only the trial court’s denial of his renewed motion for a judgment as a matter of law. Chandler argues that Fielder’s appeal should be dismissed because no final judgment that could support an appeal has been entered by the trial court. We agree, and, as we will explain, we dismiss the appeal as having been taken from a nonfinal judgment.
*633 Although it appears procedurally awkward, and although no Alabama case-law has specifically addressed the procedure, under federal precedent construing Rule 50(b), Fed.R.Civ.P., Fielder would be entitled to seek a judgment as a matter of law pursuant to Rule 50(b) even after the trial court had declared a mistrial. See Bostron v. Apfel, 104 F.Supp.2d 548, 551 (D.Md.2000) (“It is well established that Rule 50(b) permits the filing by a party of a renewed motion for judgment as a matter of law in the event that a mistrial has been declared.”); see also Patton v. Thompson, 958 So.2d 303 (Ala.2006) (setting out in the procedural history that the appellant had filed a Rule 50(b) motion after the declaration of a mistrial but not discussing the propriety of that procedure). This state has long turned to federal authority construing the Federal Rules of Civil Procedure when construing a corresponding rule in the Alabama Rules of Civil Procedure. Image Mktg., Inc. v. Florence Television, L.L.C., 884 So.2d 822, 825 (Ala.2003) (quoting City of Birmingham v. City of Fairfield, 396 So.2d 692, 696 (Ala.1981)) (noting that because “ ‘the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when [an appellate court is] called upon to construe the Alabama Rules’ ”). Rule 50(b), Fed.R.Civ.P., reads as follows:
“If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court’s later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment — or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged — the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
“(1) allow judgment on the verdict, if the jury returned a verdict;
“(2) order a new trial; or
“(3) direct the entry of judgment as a matter of law.”
(Emphasis added.) As noted above, the federal rule has been construed to permit a party to file, and to permit a trial court to consider, a renewed motion for a judgment as a matter of law after a trial court has declared a mistrial. See Bostron, 104 F.Supp.2d at 551; see also Grace Lines v. Motley, 439 F.2d 1028, 1030 (2d Cir.1971) (“Rule 50(b) provides that, whenever a motion for directed verdict has been made during the course of the trial and a verdict has not been returned, a party may move for judgment in accordance with his motion for a directed verdict at any time within ten days after the jury has been discharged.”); and Gonzalez-Perez v. Gomez-Aguila, 312 F.Supp.2d 161, 164 (D.P.R.2004) (“In addition, it must be noted that a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) may be filed even if a mistrial has been declared. Rule 50(b) particularly provides that such motion may be brought even if no verdict was returned.” (footnote and citation omitted)).
Rule 50(b), Ala. R. Civ. P., reads as follows:
“Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than thirty (30) days *634 after entry of judgment. A motion for a new trial under Rule 59 may be joined with a renewal of the motion for a judgment as a matter of law, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law. If no verdict was returned the court may, in disposing of the renewed motion, direct the entry of judgment as a matter of law or may oi’der a new trial.”
(Emphasis added.) “A mistrial results in no verdict.” Owens v. Lucas, 604 So.2d 389, 391 (Ala.1992). Thus, because no verdict was returned in the present case, the trial court was permitted, under Rule 50(b), to order a new trial or to direct the entry of judgment as a matter of law on Fielder’s renewed motion. Fielder’s renewed motion for a judgment as a matter of law was therefore properly filed under Rule 50(b).
However, as argued by Chandler, the denial of that motion did not produce a final judgment capable of supporting an appeal. Generally, an appeal may be taken only from a final judgment. Ala.Code 1975, § 12-22-2. A final judgment is one “that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.” Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990).[3]
Because an order declaring a mistrial does not “conclusively determine! ] the issues before the court and ascertain! ] and declare!] the rights of the parties involved,” Bean, 557 So.2d at 1253, and because, much like the grant of a Rule 60(b), Ala. R. Civ. P., motion, “further proceedings are contemplated by the trial court,” Ex parte Overton, 985 So.2d 423, 424 (Ala.2007), such an order is an interlocutory order and is not appealable. Fielder’s renewed motion for a judgment as a matter of law, although permitted by Rule 50(b), was therefore not directed to a final judgment from which he could appeal. Furthermore, the denial of Fielder’s renewed motion for a judgment as a matter of law did not resolve the issues before the trial court; the order denying Fielder’s motion is also an interlocutory order not capable of supporting an appeal. Borg-Warner Corp. v. Whitney, 121 F.2d 444, 444 (6th Cir.1941) (dismissing an appeal from an order denying a renewed motion for a judgment as a matter of law after a mistrial because the order was not a final decision disposing of the case or terminating the litigation); accord Gore v. Hansen, 59 So.2d 538, 539 (Fla.1952) (“Clearly, then, an order denying a motion for directed verdict after the case has gone to the jury, resulting in a mistrial, has not ‘disposed of the pending action, leaving nothing further to be done but the execution of the judgment,’ and is thus not appealable as a ‘final judgment.’ ”).
The only Alabama case in this posture our research has revealed is Patton, 958 So.2d at 306, in which the party whose renewed motion for a judgment as a mat *635 ter of law was denied after a mistrial had been declared sought a permissive appeal pursuant to Rule 5, Ala. R.App. P., in our supreme court. Rule 5(a) provides, in part, that “[a] party may request permission to appeal from an interlocutory order in civil actions under limited circumstances.” Thus, Patton implicitly supports the conclusion that the order denying Fielder’s renewed motion for a judgment as a matter of law is an interlocutory order incapable of supporting this appeal.
Accordingly, because the order denying Fielder’s renewed motion for a judgment as a matter of law is an interlocutory order incapable of supporting an appeal, we dismiss Fielder’s appeal.[4]
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. As noted above, Fielder had filed Rule 50 motions for a judgment as a matter of law twice during the trial: once at the beginning of the trial and again at the close of all the evidence. Quoting Rule 50(a)(1), Fielder also claimed in his motion that "there was ‘no legally sufficient basis for a reasonable jury to find for' " Chandler. Thus, he met the prerequisite for filing a renewed motion for a judgment as a matter of law based on a challenge to the sufficiency of the evidence. United Servs. Auto. Ass’n v. Hobbs, 858 So.2d 966, 971 (Ala.Civ.App.2003); see also Bains v. Jameson, 507 So.2d 504, 505 (Ala.1987).

. We note that "because of the extraordinary nature of a writ of mandamus, the denial of relief by mandamus does not have res judica-ta effect.” Cutler v. Orkin Exterminating Co., 770 So.2d 67, 69 (Ala.2000).

. The main exception to the requirement that an appeal be taken from a final judgment is when a trial court has certified a judgment deciding fewer than all the pending claims or resolving the issues involving fewer than all the parties as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. See Bean, 557 So.2d at 1253. In addition, certain interlocutory orders are specifically made appealable. See, e.g., Rule 4(a)(1)(A), (B), and (C), Ala. R.App. P. (making interlocutory orders involving injunctions, receiverships, or determining a right to public office appealable). An order granting a mistrial does not fall within any of these exceptions and, as explained in the text, infra, is an interlocutory order.

. We also note that, even if the order denying Fielder's renewed motion for judgment as a matter of law could have been construed as a final judgment capable of supporting an appeal, the fact that the trial court has entered only an interlocutory default judgment against Cain would prevent finality in the present case because the claims against Cain have not been fully adjudicated. See Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 897 (Ala.2005) (explaining that a default judgment on liability with leave to prove damages is an interlocutory default judgment and is not a final judgment capable of supporting an appeal).