The appellant, Albert D. Smith, was indicted for the offense of first degree robbery, in violation of § 13A-8-41, Code of Alabama 1975. After a jury trial, appellant was found "guilty as charged" and was sentenced to fifteen years in the state penitentiary.
The evidence adduced by the state shows that, on September 16, 1981, Reba Smith, a store clerk at the Cougar Oil Station near Burnsville, Alabama, in Dallas County, was robbed at gunpoint of $473.07 by an unidentified black male. While the robbery was in progress, appellant was seen by a passer-by sitting in a green colored automobile located on the side of the highway near the Cougar Oil Station. The witness, who recognized appellant, stated that he knew the appellant since he was the man who "had been seeing his cousin Easta."
According to the testimony of the store clerk and other witnesses, the unidentified black male left the store after the robbery and got into the green Ford Mustang automobile in which appellant was seen sitting. With appellant driving, the two men then drove off at a fast speed toward Prattville on Highway 14. Several hours after the robbery, appellant was stopped in Autauga County and arrested. At the time of the appellant's arrest, he was driving a dark colored Chevrolet. A green Mustang belonging to appellant's girl friend was found parked nearby behind an abandoned house.
Penelope Briskey, appellant's girl friend, testified that she was employed at the Dollar Store in Autaugaville on the day of the robbery and was working the 2:30 to 11:00 p.m. shift. She stated that, on this day, appellant rode with her to work, after which he borrowed her green and white *Page 1337 
1972 Mustang. Ms. Briskey stated that she later saw appellant and a "black guy" drive off in her Mustang. She testified that she had seen the black man in the car with appellant before and believed his name was "Silas."
Appellant testified in his own behalf saying that he had gone to the Cougar Station in his girl friend's car to get some gasoline. He testified that, as he waited to fill her car with gas, a black man walked up to the car, pulled a gun, and got in the car, telling him to drive up the road a short distance and park. The black man then got out of the car, taking the car keys with him, and proceeded to the Cougar Station. Shortly thereafter, the man returned and threw the car keys to him. Appellant stated that he then cranked the car, took the car to his girl friend's house, and parked it in back.
Appellant testified that he then walked to his mother's house, got into his own car, and drove to Autaugaville to talk with Ms. Briskey. On return to his mother's house, he was told that the police were looking for him. Appellant stated that he then drove toward his girl friend's house, where he saw several police cars parked. Seeing the police, he then started to drive to Autaugaville to see Ms. Briskey and also to tell the police that he had not been involved in the robbery. However, he was stopped and arrested before reaching his destination.
At the time of appellant's trial, the identity of the unidentified black male who actually committed the robbery was unknown both to the trial court and to defense counsel. Furthermore, no one other than appellant had been arrested in connection with the robbery.
Appellant contends for the first time on appeal that he was denied his constitutional right to due process because the jury venire was not properly qualified. Appellant states that the prosecution introduced evidence indicating that "Stanley Silas" was the "unidentified black male" who actually committed the robbery, and that the prosecution failed to reveal his name to the trial court or to the appellant. Because of this failure to reveal the name, the prospective jury members were not qualified as to possible relations with Stanley Silas, and, hence, there was the possibility that some jurors were subject to challenge for cause.
As a general rule of law, a juror is subject to challenge for cause, although not related to the accused, if he is related to a party in custody and awaiting trial for participating in the same offense. Thomas v. State, 133 Ala. 139, 32 So. 250 (1902). However, review on appeal is limited to a consideration of questions properly raised in the trial court. Oates v. State,375 So.2d 1285 (Ala.Cr.App. 1979). Constitutional questions are not before this court unless raised in some manner in the trial court. Grace v. State, 369 So.2d 318 (Ala.Cr.App. 1979).
The name of the unindicted suspect became known at trial, and, after it was learned, no motion for mistrial was made on the grounds argued here by appellant, nor was a motion for new trial made on these grounds. Furthermore, this matter was never even brought to the trial court's attention. From the failure to present or even raise this issue in the trial court, we can only conclude that it was deliberately waived.
Appellant further contends that the trial court committed reversible error when it admitted into evidence a statement made by the appellant without a showing that he had been given his Miranda rights. Since no objection was made to the admission of the statement, no question for review is preserved. Stewart v. State, 398 So.2d 369 (Ala.Cr.App.), cert.denied 398 So.2d 376 (Ala. 1981).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 1338