JAMES H. FAULKNER, Retired Justice.
In a three-count indictment returned on June 3, 1988 (CC-88-423), Richard Monroe Green was charged with the offenses of burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975; theft of property in the first degree in violation of § 13A-8-3, Code of Alabama 1975; and receiving stolen property in the first degree in violation of § 13A-8-17, Code of Alabama. In a two-count indictment returned on June 30, 1988 (CC-88-538), Green was subsequently charged with the offenses of theft of property in the second degree in violation of § 13A-8-4, Code of Alabama 1975; and receiving stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975.
A third indictment was returned in case number CC-88-242, charging Green with unlawfully breaking and entering of an automobile; theft of property in the second degree; and receiving stolen property in the second degree. This indictment and the clerk’s records pertaining to this case were not made a part of the record on appeal.
The three indictments returned against Green were consolidated for trial. The jury found Green guilty of the offense of theft of property in the first degree as charged in the indictment returned in case number CC-88-423, and Green was sentenced as an habitual offender to life imprisonment and ordered to pay restitution to the victim, Abston Construction Co., Inc., in the amount of $10,000.
The jury found Green guilty of the offense of receiving stolen property in the second degree as charged in the indictment returned in case number CC-88-538, and Green was sentenced as an habitual offender to 17 years’ imprisonment and was ordered to pay restitution to the victim, Thomas Ray Johanson, in the amount of $580. Four issues are raised on appeal.
I.
Green contends that the trial court erred in consolidating for trial the three indictments returned against him.
Rule 15.3(b), A.R.Crim.P.Temp., provides for the consolidation for trial of offenses against a single defendant if the offenses could have been joined in a single indictment, information, or complaint. Under subsection (a) of this rule, joinder of two or more offenses in an indictment, information, or complaint is proper if they:
“(i) are of the same of similar character; or
“(ii) are based on the same conduct or are otherwise connected in their commission; or
“(iii) are alleged to have been part of a common scheme or plan.”
In determining whether to consolidate indictments, risk of inconvenience, loss of time, and wasteful duplication caused by multiple trials must be considered. King v. State, 518 So.2d 880 (Ala.Cr.App.1987).
In the case sub judice the prosecutor moved to consolidate for trial the three indictments against Green, and the court granted the motion following a hearing. Immediately prior to the commencement of trial, defense counsel objected to the consolidation on the record in chambers, and the court denied the objection.
*633 The offenses charged in the three indictments involved burglary, theft of property, and/or receiving stolen property — these offenses are clearly “of the same or similar character” within the meaning of Rule 15.-3(a)(i), A.R.Cr.P.Temp. The offenses charged in the 3 indictments allegedly occurred within a period of 16 days and could arguably be “connected in their commission” within the meaning of Rule 15.3(a)(ii), A.R.Cr.P.Temp.
Furthermore, testimony from two of the witnesses, Officer Abrams and Murray Davis (an alleged accomplice), concerning any one of the offenses would have uncovered information concerning the other offenses. Because at least two of the witnesses would have been the same in all three trials, judicial economy militated in favor of consolidation.
In light of Green’s failure to allege any prejudice as a result of the consolidation, we therefore hold that the trial court did not abuse its discretion in consolidating the three indictments for trial.
II.
Green contends that the trial court erred in denying his motion for mistrial based upon the State’s attempt to elicit testimony concerning Green’s assertion of his right to remain silent following his arrest.
During the prosecutor’s examination of Officer Rex Abrams, the following occurred:
“Q. [BY MR. SMITH, Prosecutor]: Now, in connection with the case on Mr. Billy Joe Patton, did you have occasion to take any statements from this defendant, Richard Monroe Green?
“A. I have no idea.
“Q. Sir? Did you attempt to take any?
“MR. CORNWELL [defense counsel]: Now, I object to that.
“THE COURT: I will sustain.
“MR. SMITH: May I ask for the basis?
“(Whereupon, the following was held at the bench sotto voce:)
“THE COURT: Andrew, you’re going toward a mistrial. You can’t refer to the defendant’s failure to give a statement, he’s got a privilege against self-incrimination.
“MR. SMITH: Your Honor, the law is they can — that he had an opportunity to make a statement and he did not give one. Whether or not he testifies is a different issue.
“THE COURT: If you’ve got a case on that, because he’s got a right to remain silent and you can’t refer to his—
“MR. SMITH: Not with me, sir, but yes, sir.
“THE COURT: We’ll take a break and let you get it.
“MR. SMITH: I will withdraw the question if it’s going to be that big a problem.
“MR. CORNWELL: Real close to one already here.
“MR. SMITH: How so?
“MR. CORNWELL: Even asking him. As the Judge has indicated, the very asking of that question is so prejudicial, I probably ought to move for a mistrial now.
“MR. SMITH: Well, do what you have to do, but I would ask the Court to tell me what it does not want me to ask and I will be happy not to ask it.
“THE COURT: About his making a statement or failing to make a statement. Since the question has not been answered, I will overrule the motion for a mistrial.”
The granting of a mistrial is within the broad discretion of the trial judge, and his ruling will not be disturbed on appeal unless there is a clear abuse of discretion. Free v. State, 495 So.2d 1147 (Ala.Cr.App.1986).
An improper question is rendered harmless when a timely objection is made and sustained by the trial court so that the witness is never allowed to answer. Minor v. State, 402 So.2d 1121 (Ala.Cr.App.1981); Strickland v. State, 269 Ala. 573, 114 So.2d 407 (1959). Clearly, defense counsel made a timely objection to the prosecutor’s question. The objection was sustained by the court and the witness was not allowed *634 to answer; thus, any error from the prosecutor’s question was harmless. The trial court, therefore, did not abuse its discretion in denying a mistrial.
III.
Green contends that his motion for judgment of acquittal should have been granted because the State’s evidence consisted solely of the uncorroborated testimony of an accomplice.
Whether an accomplice’s testimony is sufficiently corroborated for the case to be submitted to the jury is generally a question of law for the trial court. § 12-21-222, Code of Alabama 1975; Ex parte Bell, 475 So.2d 609 (Ala.1985), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). It is the jury’s role to determine the weight and sufficiency to be accorded such evidence. Lynn v. State, 477 So.2d 1365 (Ala.Cr.App.1984), rev’d on other grounds, 477 So.2d 1385 (Ala.1985), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989).
In the case sub judice, the alleged accomplice Davis testified that he and Green committed the burglary and theft of property at Abston Construction Company. The evidence allegedly corroborating Davis’ testimony was a tape-recorded conversation between Davis and Green. The tape-recorded conversation was played for the jury, and a copy of the tape-recorded conversation was admitted into evidence without objection by Green. After obtaining the tape and reviewing its contents, we find that it contains sufficient evidence to corroborate Davis’s testimony. While the contents of the tape, by itself, may not be very strong, or even sufficient to support a conviction, such is not the required standard. See id., at 1370. “Our controlling authorities have consistently held that corroborative proof need merely tend to connect the defendant with the commission of the offense.” Id. (Emphasis in original, citations omitted.) Because the contents of the tape tend to connect Green with the commission of the offense, the trial court correctly denied his motion for judgment of acquittal on this ground.

TV.

Green challenges the sufficiency of the evidence convicting him of the offense of receiving stolen property in the second degree. In particular, Green argues that the court should have granted his motion to exclude the State’s evidence with respect to the Johanson theft because the State failed to establish that the items seen in Green’s possession were the same items alleged as having been stolen in the indictment returned on June 30, 1988. We disagree.
The June 30, 1988, indictment charged Green with knowingly obtaining or exerting unauthorized control over the following property belonging to Johanson, with the intent to deprive Johanson of said property: “one (1) Poulan brand chainsaw; one (1) Charge Air brand air compressor; one (1) Bosch brand grinder; one (1) Rockwell brand Skil model saw; and two (2) axes....”
In proving the allegations of the foregoing indictment, the State presented the following testimony: Thomas Ray Johan-son testified that sometime during the weekend of January 23 through the 25, 1988, a Bosch grinder, a Rockwell Skil saw and a Poulan chainsaw were stolen from his garage. Johanson reported the theft of those items to the police on January 26 and 28, 1988.
A police officer testified that on January 24, 1988, he stopped a car driven by Green and that he observed a grinder, a two-tone green Poulan chainsaw, and a Rockwell Skil saw in the trunk of the car, which Green permitted him to search. The officer testified that he ran a serial number check on the items, but at the time there was no report of their having been stolen and Green was allowed to leave with the items.
Avis Mae Scott testified that she heard Green sell a chainsaw and Skil saw to Albert Sullivan for $40 on January 25, 1988. Officer Abrams testified that on May 12, 1988, he retrieved from Mary Sullivan the Skil saw which Albert Sullivan had purchased from Green and that he retrieved *635 from Jack Banks the chainsaw from which Sullivan had purchased from Green and had sold to Banks. Johanson identified the two-tone green chainsaw which Abrams had retrieved from Banks as belonging to Johanson because Johanson had had the handle replaced a week prior to its being stolen and the replacement handle was a different color green than the saw. Johan-son also identified the Skil saw which Abrams had retrieved from Sullivan as belonging to Johanson because the Skil saw had paint specks from house renovations which he had done and because the saw was not working when it was stolen.
Considering the evidence before the jury in the light most favorable to the State, diere was clearly sufficient evidence for the jury by fair inference to find Green guilty of receiving stolen property in the second degree. Accordingly, the trial court’s denial of the motion to exclude was not error. See Andrews v. State, 473 So.2d 1211 (Ala.Cr.App.1985).
The foregoing opinion was prepared by James H. Faulkner, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.