* Reporter of Decisions' note: The petition for the writ of certiorari was filed under the name Rick Lee Gilland.
Ricky Lee Gilland was indicted for the offense of sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975. The jury found Gilland guilty as charged in the indictment, and he was sentenced as an habitual offender to life imprisonment without the possibility of parole. Three issues are raised on appeal.
 I
Gilland argues that the trial court erred in refusing to grant his motion for judgment of acquittal at the close of the State's case and after the close of his case because the State did not establish a prima facie case of sodomy in the first degree. We disagree.
"In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution." Faircloth v. State,471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Where, moreover, the State establishes a prima facie case, conflicting evidence presents a jury question, which is not subject to review on appeal. Willis v. State,447 So.2d 199, 201 (Ala.Cr.App. 1983).
Section 13A-6-63, Code of Alabama 1975, states that a person commits the crime of sodomy in the first degree if "he engages in deviate sexual intercourse with another person by forcible compulsion. . . ."
The term "forcible compulsion" is defined as:
 "Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
Section 13A-6-60, Code of Alabama 1975.
After examining the evidence and applying the proper standards of review, we find there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Gilland was guilty of the crime as charged.
The victim, S.G., testified that on September 5, 1990, he was arrested and placed in the Cullman County jail for the offense of the murder of his step father. After initially spending the night in the "drunk tank," the victim was transferred to another cell with two other inmates, Phillip Walker and Gilland.
The victim further testified that he was only 5 feet 2 inches tall and weighed only about 110 pounds but that Gilland was at least 6 feet tall and weighed approximately 220 pounds. According to the victim, after he entered the cell with the two other inmates, Gilland began slapping him in the face about six or eight times with his open hand. According to the other inmate, Walker, who witnessed the incident, the slaps appeared to be "pretty hard" and the victim appeared to be very scared.
The victim further testified that after the slapping took place, Gilland ordered the victim several times to get onto Gilland's bunk. Gilland then ordered the victim to get back on his own bunk, and the victim noticed that Gilland had gotten a pair of scissors from the cell across from him. Gilland then took the scissors, sat down beside the victim, and told him that he would kill him or have him killed in the jail, and Gilland tried to jab the victim in the side. The victim moved out of the way, and Gilland then forced the victim to go back into the bathroom area of the cell, which was separated from the rest of the cell by a blanket. According to the victim, Gilland then pulled the victim's pants down, unsnapped his own pants, and forced the victim to engage in oral sex with him. Gilland then picked the victim up, turned him around, and had anal intercourse with the victim. The victim testified that Gilland penetrated his anus with his private *Page 160 
parts and that the victim was crying and terrified.
The victim further testified that he did not consent in any manner to the oral sex or to the anal intercourse. He also stated that after the incident, Gilland threatened him again by telling him that if the victim told what had happened that he would have him locked in the county jail or in the prison.
The other inmate, Walker, testified that when he heard the victim crying in the bathroom area of the cell, he pulled back the blanket and saw Gilland having anal intercourse with the victim while the victim was crying hysterically.
The evidence presented by the State was more than sufficient to prove both forcible compulsion and penetration. Because the State clearly established a prima facie case of sodomy in the first degree, the trial court properly denied Gilland's motion for judgment of acquittal.
 II
Gilland contends that the trial court erred in refusing to give a jury charge on the lesser included offense of sexual misconduct.
A defendant is entitled to a charge on a lesser included offense if there is any reasonable theory from the evidence which would support his position. Allen v. State,546 So.2d 1009 (Ala.Cr.App. 1988). The court may properly refuse to charge on a lesser included offense when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense. Andersonv. State, 507 So.2d 580 (Ala.Cr.App. 1987).
Because of the overwhelming evidence of forcible compulsion by physical force and the threats of immediate death or serious physical injury, there was absolutely no evidence tending to bring the offense within the definition of sexual misconduct, which is defined in pertinent part, in § 13A-6-65, Code of Alabama 1975, as deviate sexual intercourse with another personabsent forcible compulsion. The trial court therefore properly refused to charge the jury on this lesser included offense.
 III
Gilland contends that the State failed to comply with the discovery order by suppressing the evidence of a note handed to Lt. Brian Buglar by the victim.
Review on appeal is limited to issues properly and timely presented to the trial court on which rulings were invoked.Dixon v. State, 476 So.2d 1236 (Ala.Cr.App. 1985). "Constitutional questions are not before this court unless raised in some manner in the trial court." Smith v. State,439 So.2d 1336, 1337 (Ala.Cr.App. 1983).
Because Gilland never raised this objection during the trial and because the trial court never ruled upon this issue, there is nothing presented to this court to review.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.