TAYLOR, Judge.
The appellant, Byron Stanley, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975, and was sentenced as a habitual offender to a term of 15 years in the penitentiary.
The evidence presented at trial tended to show that the appellant was employed with Work Force, Inc., a temporary staffing firm, between July and November 1989. However, after November 1989, the appellant, on six different occasions, submitted bogus time cards to Work Force for payment. These time cards represented that the appellant had worked as a temporary employee for Enstar Corporation during December 1989 and January 1990, when in fact, he had never worked the hours claimed. Work Force paid the appellant for the hours claimed on five of the six bogus time cards.
The State presented the testimony of Ab-bie Fleming, the general manager of Work Force. She testified that the appellant was issued five checks based on the bogus time cards that he had presented. The dates of these checks and their respective gross amounts are as follows:
December 6, 1989 $231.69
December 13, 1989 $299.42
December 20, 1989 $236.53
December 27, 1989 $146.22
January 3, 1990 $137.62
The appellant presents five issues on appeal. However, the following issues were not preserved by the appellant: whether there was a fatal variance between the indictment and the evidence; whether the trial court erred in denying the appellant’s motion for a restitution hearing; whether the trial court’s receipt of State’s exhibits two and three into evidence was error; and whether the appellant’s confession was sufficiently corroborated. Only those matters which are timely objected to in the trial court and as to which an adverse ruling is made are preserved for appellate review. Ross v. State, 581 So.2d 495 (Ala.1991); Maul v. State, 531 So.2d 35 (Ala.Cr.App.1987). Therefore, the above issues are not preserved for our review. Ac *30 cordingly, we will address only the sole remaining issue presented by the appellant.
The appellant maintains that the State’s evidence was insufficient to support his conviction on the charge of theft of property in the first degree. Specifically, he alleges that the checks made payable to him by Work Force had a total face value of $779.92,[1] an amount less than that required to sustain a conviction of theft of property in the first degree under § 13A-8-3, Code of Alabama 1975.[2]
The appellant relies on § 13A-8-l(14)(a), Code of Alabama 1975, as the statutory authority to be used in determining the value of checks in theft cases. This section provides as follows:
“The value of an instrument constituting an evidence of debt, such as a check, draft or promissory note, shall be deemed the amount due or collectible thereon or thereby, that figure ordinarily being the face amount of the indebtedness less any portion thereof which has been satisfied.” (Emphasis added.)
If this were a case involving stolen checks, then we would agree that the above-referenced Code section presents the correct method to be used in calculating the value of the checks. Deerman v. State, 448 So.2d 492 (Ala.Cr.App.1984). However, the case at hand involves the deprivation of Work Force Inc.’s interest in certain monies through the appellant’s theft by deception.
According to § 13A-8-2(2), Code of Alabama 1975, a person commits the crime of theft of property if he “[k]nowingly obtains by deception control over the property of another, with the intent to deprive the owner of his property.” Furthermore, § 13A-8-l(2)(e) states that a victim is deprived of property when the accused “subject[s] the property to a claim of a person other than the owner.”
In the present case, the State’s evidence tended to show that the appellant obtained direct control by means of deception over $779.92 belonging to Work Force when he cashed the checks issued to him. Moreover, an additional $271.56 belonging to Work Force was made subject to a claim by various state and federal agencies as withholding due directly to the appellant’s deceptive actions. Therefore, the appellant deprived Work Force, Inc., of a total of $1051.48, an amount sufficient to support his conviction for theft in the first degree.
For the foregoing reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur, except MONTIEL, J., recuses.

. The $779.92 represents only the net amount that the appellant received from Work Force, Inc. The gross amount, including federal and state withholdings, totals $1051.48.

. Section 13A-8-3 requires that the amount be in excess of $1,000 in value.