Derrick Williams was indicted for the offense of theft of property in the second degree in violation of § 13A-8-4(a), Code of Alabama 1975. The jury found Williams guilty as charged in the indictment, and he was sentenced as an habitual offender to ten years in the State penitentiary. Four issues are raised on appeal.
 I
Williams contends that he was twice placed in jeopardy, in violation of his constitutional rights where prior to his trial on second degree theft of property charges, he entered a plea of guilty in municipal court to the offense of false reporting to law enforcement, both offenses arising from the same transaction.
On January 18, 1989, Williams reported to police in Daphne, Alabama that he had been robbed while working as assistant manager at Wendy's. Upon further investigation, it became apparent to the officers that Williams' account of the purported robbery was false. Eventually, Williams confessed that he stole approximately $796.12 from Wendy's.
On April 28, 1989, Williams was indicted by a Baldwin County grand jury and charged with the offense of second degree theft of property. During this same time period, Williams was charged and pleaded guilty in municipal court to the offense of false reporting to law enforcement authorities. On May 17, 1989, Williams filed a waiver of arraignment and plea of not guilty to the charge of second degree theft of property. He specifically reserved the right to file additional pleas or raise additional defenses prior to trial. It was not until January 10, 1991 that Williams filed his plea of former jeopardy. After a hearing on February 14, 1991, the trial court denied Williams' motion on his plea of former jeopardy.
In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084,109 L.Ed.2d 548 (1990), the Supreme Court held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted."
The elements of second degree theft of property as defined in § 13A-8-4(a), Code of Alabama 1975, are as follows:
 "(a) The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree. *Page 434 
 "(b) Theft of property in the second degree is a Class C felony."
The elements of false reporting to law enforcement authorities as defined in § 13A-10-9, Code of Alabama 1975, are as follows:
 "(A) A person commits the crime of false reporting to law enforcement authorities if he knowingly makes a false report or causes the transmission of a false report to law enforcement authorities of a crime or relating to a crime.
 "(b) False reporting to law enforcement authorities is a Class A misdemeanor."
As the trial court correctly concluded, the elements of second degree theft of property are not the same as the elements of false reporting to law enforcement authorities. In this case, moreover, it is not necessary to prove that Williams falsely reported to law enforcement authorities in order to establish an element of second degree theft of property. Accordingly, the trial court properly denied Williams' motion on his plea of former jeopardy.
 II
Williams contends that the trial court erroneously denied his motion to suppress his confession based upon allegations that it was induced by promises.
During the hearing on Williams' motion to suppress, Detective Larry Gibbs with the Daphne Police Department testified that he took a statement from Williams at approximately 7:35 a.m. on the morning of January 18, 1989. According to Gibbs, Detective McNichols and Investigator Neil Rucker of the district attorney's office were also present. Prior to taking Williams' statement, Gibbs advised Williams of his Miranda rights by use of a Miranda rights and waiver form. Williams read along as his rights were explained to him and acknowledged that he understood those rights. Williams also read along as the waiver was explained to him and likewise acknowledged that he understood the consequences of the waiver and agreed to waive his rights and give a statement. Williams signed the waiver in Gibbs' presence.
According to Gibbs, no force, promises, coercion or inducements were used to get Williams to make a statement. Williams was not under the influence of alcohol or drugs at the time he gave the statement. Gibbs acknowledged that he did tell Williams that the police officers could not help him and that Williams "was the only one that could help himself and that would be by telling the truth." The trial court concluded that the statement was voluntary and denied Williams' motion to suppress.
Contrary to Williams' argument, the statement by Detective Gibbs that only Williams could help himself by telling the truth did not amount to an implied promise of leniency which would render Williams' confession involuntary. Taken in its proper context, the statement by Gibbs was clearly an exhortation to Williams to tell the truth and did not imply a promise or inducement for the confession. Ready v. State,574 So.2d 894 (Ala.Cr.App. 1990), cert. denied, 574 So.2d 894 (Ala. 1991); Brown v. State, 545 So.2d 106 (Ala.Cr.App. 1988), aff'd,545 So.2d 122 (Ala.), cert. denied, 493 U.S. 900,110 S.Ct. 257, 107 L.Ed.2d 206 (1989).
Most importantly, the trial court asked Gibbs whether he told Williams that Williams would get a lighter sentence by making a statement. Gibbs responded that "I told the defendant that we couldn't help him. That he could only help himself." Clearly, Detective Gibbs did not imply a promise or inducement for Williams' statement, and the trial court therefore properly denied Williams' motion to suppress.
 III
Williams contends that there was a fatal material variance between the indictment and the State's proof at trial. We disagree.
The indictment charged that Williams "did knowingly obtain or exert unauthorized control over U.S. currency, the property of Wendy's Restaurant # 507, Daphne, Alabama, a better description of *Page 435 
the owner being to the Grand Jury otherwise unknown. . . ." The State's evidence at trial proved that Williams took approximately $796.12 from Wendy's Restaurant # 507 on Highway 98, South of I-10, in Daphne, Alabama and that Wendy's # 507 was owned by Wen-South, Inc.
It is undisputed that the property was taken from Wendy's # 507 without consent. It is abundantly clear that Wendy's # 507 was in rightful possession of property entrusted to it by Wen-South, Inc. Wendy's # 507 was a representative of Wen-South, Inc. Hence, there was no variance between the indictment and proof at trial. Bridges v. State, 391 So.2d 1086
(Ala.Cr.App. 1980).
Even if the claimed variance existed, the alleged variance would not be fatal. For a variance to be material, it must be misleading or substantially injurious to the accused in making his defense. Rogers v. State, 353 So.2d 19 (Ala.Cr.App.), cert.denied, 353 So.2d 24 (Ala. 1977).
Any imagined variance in this case in no way prejudiced Williams' defense. Accordingly, the trial court properly denied his motion for judgment of acquittal on this ground.
 IV
Williams contends that the trial court erred by giving an instruction not based on the evidence and by refusing to give defendant's written requested charges # 1 and # 2.
Although Williams fails to cite any legal authority in support of this issue, we shall nevertheless consider this argument briefly despite its waiver on appeal.
The court properly refused defendant's requested charges # 1 and # 2 which concerned duress and its effect in negating intent because these charges were subsequently covered in the court's oral charge. The court, moreover, in its oral charge clarified Williams' confusing requested charges # 1 and # 2 by quoting from the pattern jury instructions on duress.
Williams also objects to that portion of the court's oral charge which addressed the defendant's intentionally or recklessly placing himself in a situation in which it was probable that he would be subjected to duress. Williams contends that this portion of the charge is not based on the evidence. We disagree. Williams' defense at trial was that he took the money due to coercion from a loan shark who had threatened to harm his family and that this coercion vitiated his intent to take the money within the meaning of §13A-8-4(a), Code of Alabama 1975. Based upon this defense, the State was certainly entitled to an instruction which said that where the defendant intentionally or recklessly placed himself in a situation where it was probable that he would be subject to duress, the State need not establish that the defendant's theft of the money was free from coercion.
The trial court therefore properly overruled these objections to its oral charge.
The foregoing opinion was prepared by the Honorable James H. Faulkner, a former Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.