The petitioner, Jimmy Lee Dill, was convicted of murder made capital by Ala. Code 1975, § 13A-5-40(a)(2) — murder "during a robbery in the first degree or an attempt thereof." Dill was sentenced to death. The Court of Criminal Appeals affirmed his conviction and sentence. On August 23, 1991, the Court of Criminal Appeals extended its opinion and overruled Dill's application for rehearing. This Court granted Dill's petition for the writ of certiorari on September 30, 1991.
Based upon our careful review of the record, the briefs and arguments of counsel, we conclude that the Court of Criminal Appeals' judgment is due to be affirmed. However, we note that only the particular facts of this case and the stringent requirements applicable to the plain error rule support this conclusion with respect to the error alleged concerning Officer Duncan's reference to the defendant's parole officer.
In its opinion, Dill v. State, 600 So.2d 343 (Ala.Crim.App. 1991), the Court of Criminal Appeals set out the context of this reference. For this discussion, it is enough to note that during his testimony an officer of considerable law enforcement experience referred to an attempt to locate the defendant "through his parole officer." The defendant points out, quite correctly, that this is a significant error. In other cases and under other facts, gratuitous references, even indirect ones, to past criminal activity have required the reversal of criminal convictions. See, e.g., Ex parte Johnson,507 So.2d 1351 (Ala. 1986); Tabb v. State, 553 So.2d 628 (Ala.Crim.App. 1988).
Under the circumstances of this case, we view this inappropriate reference to prior criminal activity in the context of the plain error rule. We recognize the various formulations of the plain error rule set out in United Statesv. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), and its progeny in this state. See Ex parte Hinton, 548 So.2d 562
(Ala.), cert. denied, 493 U.S. 969, 110 S.Ct. 419,107 L.Ed.2d 383 (1989); Kuenzel v. State, 577 So.2d 474 (Ala.Crim.App. 1990), affirmed, 577 So.2d 531 (Ala. 1991); Hooks v.State, 534 So.2d 329 (Ala.Crim.App. 1987), affirmed,534 So.2d 371 (Ala. 1988). However, the "plain error" principles we apply are set out by both statute and court rule.
Ala. Code 1975, § 12-22-241, provides:
 "In all cases of automatic appeals, the appellate court may consider, at its discretion, any testimony that was seriously prejudicial to the rights of the appellant and may reverse thereon, even though no objection was made thereto. The appellate court shall consider all of the testimony; and, if upon each consideration it is of opinion the verdict is so decidedly contrary to the great weight of the evidence as to be wrong and unjust and that upon that ground a new trial should be had, the court shall enter an order of reversal of the judgment and grant a new trial, though no motion to that effect was presented in the court below."
(Emphasis added.) See also Ala.R.App.P. 39(k), providing that in death penalty cases this Court "may notice any plain error . . . and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial rights of the petitioner."
After a close examination of the record, we note the following facts: (1) the reference to the defendant's parole officer was incidental and was not the main point of the officer's testimony; (2) the reference was not repeated or highlighted in later testimony; (3) the defense intentionally did not object to the reference; (4) when, out of the presence of the jury, the defendant moved to exclude the reference and for a mistrial, the defense intentionally refused the trial court's offer of curative instructions; (5) the trial court, which heard the testimony and saw the effect, if any, on the jury, denied the defendant's motion for a mistrial; and (6) the record in this case contains repeated references, properly in evidence, to drug sales and other illegal activity on the part of Dill. *Page 374 
These facts, when considered under the plain error principles set out in Ala. Code 1975, § 12-22-241, and Ala.R.App.P. 39(k), cause us to agree with the Court of Criminal Appeals that the reference to the defendant's parole officer did not rise to the level of "plain error."
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL* and INGRAM, JJ., concur.
* Justice Steagall did not attend oral argument, but he has listened to the tape recording of the argument.