McMILLAN, Judge.
The appellant was convicted of burglary in the first degree, in violation of § 13A-7-5, Code of Alabama 1975. He was sentenced to 30 years’ imprisonment, was ordered to pay a fine of $10,000, was ordered to pay restitution of $1,846.06, and was ordered to pay $50 to the Crime Victims’ Compensation Fund.
I
The appellant argues that the State presented insufficient evidence to sustain his conviction. More particularly, he contends that: 1) the victim, Jeanette Mitchell, did not intend to bring charges against him; 2) the State did not prove that he was armed with a weapon; 3) the State failed to prove that the victim’s trailer door was damaged by him because the pictures of the damage taken by law enforcement officers were taken several hours after the incident; 4) there were “inconsistencies” in the testimony of the State’s witnesses; and 5) the trial court should have instructed the jury on the lesser included offense of burglary in the third degree.
Burglary in the first degree is set out at § 13A-7-5, Code of Alabama 1975, as follows:
“(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
“(1) Is armed with explosives or a deadly weapon; or
“(2) Causes physical injury to any person who is not a participant in the crime; or
“(3) Uses or threatens the immediate use of a dangerous instrument.
“(b) Burglary in the first degree is a Class A felony.”
The evidence presented by the State tended to show the following: The victim, Jeanette Mitchell, a former girlfriend of the appellant, testified that the appellant came to her trailer during the early morning of June 7, 1992, and knocked loudly on her door. She testified that, shortly thereafter, the appellant entered her trailer door without permission. Mitchell testified that, after she has asked the appellant to leave her home, she hit him with an iron. A fight then ensued wherein the appellant began to beat Mitchell with the iron and threw her to the floor. Mitchell testified that, when Michael Lock-hart, an acquaintance of hers, emerged from another room in the trailer, the appellant threatened to “jump” him. She testified that when she handed a knife to Lockhart the appellant left. She testified that, as he was leaving, he threw a concrete water meter top through her car windshield. She signed a burglary and assault warrant shortly thereafter. She further testified that, subsequently, *1290 the appellant apologized to her for his actions and told her that he would pay for the damages on the condition that the charges against him be dropped.
An examination of the record reveals that the appellant’s argument that the victim did not “intend” to bring charges against him is without merit. The testimony of the victim indicates that she promptly signed a warrant for the appellant’s arrest and at no time attempted to have the charges dropped.
The appellant’s argument that the State did not prove that he was armed with a weapon is also without merit. Here, the State was not required to prove that the appellant was armed, because it proved that he inflicted “physical injury.” See § 13A-7-6(a)(2), Code of Alabama 1975. The testimony of the Mitchell, that the appellant beat her with an iron and threw her to the floor, satisfied the requirement of “physical injury,” in that she suffered from bruises, cuts, and received a loose tooth as a result of the assault. See Herring v. State, 563 So.2d 33 (Ala.Cr.App.1990) (evidence that the victim suffered swelling on the left side of her face after being struck by the defendant established physical injury as an element of first degree burglary).
The appellant’s argument that the State failed to prove that he was responsible for the damage to the victim’s trailer, as evidenced by photographs submitted at trial, was not presented to the trial court by timely objection, or in his motion for a judgment of acquittal, or in his motion for a new trial; and was, therefore, not preserved for appellate review. Griffin v. State, 591 So.2d 547 (Ala.Cr.App.1991) (defendant is bound by the grounds of objection stated at trial and may not expand those grounds on appeal); Woods v. State, 592 So.2d 631 (Ala.Cr.App.1991) (defendant’s failure to raise at trial the specific objection raised on appeal waived the objection).
The appellant’s argument that the State failed to prove a prima facie case because of “inconsistencies” in the testimony of four of its witnesses was not preserved for appellate review. This matter was not presented to the trial court by timely objection, by motion for a judgment of acquittal, or by a motion for a new trial. See Griffin v. State, supra; Woods v. State, supra.
Last, the appellant’s argument that the trial court should have instructed the jury on the lesser included offense of burglary in the third degree was not preserved for appellate review. The appellant announced that he was “satisfied” with the trial court’s instructions to the jury. See Turrentine v. State, 574 So.2d 1006 (Ala.Cr.App.1990) (failure to object to the trial judge’s instructions to the jury before jury retired to deliberate waived alleged error on review).
The State’s proof that the appellant unlawfully entered Mitchell’s trailer, where he caused physical injury to her by beating her with his fists and with an iron, was sufficient to sustain the appellant’s conviction of burglary in the first degree.
II
The appellant argues that the trial court erred in using the phrase “to a moral certainty” in its oral charge to the jury; he argues that the charge violated the rule of Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). Specifically, he contends that “a reasonable person could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.”
As previously discussed in Issue I, the appellant announced that he was “satisfied” with the trial court’s instruction, and, thus, this argument was not preserved for appellate review. See Turrentine v. State, supra.
III
The appellant argues that comments made by the prosecutor during closing arguments were improper and substantially prejudiced his defense. The three relevant portions of the prosecutor’s closing argument are as follows: (1) “It is no more a burglary than a man taking a concrete water meter top, and beating down somebody’s door of their home”; (2) “[The appellant] tried to pay the [victim] off’; and (3) “If you’re not guilty, you’re not guilty. You’re just not guilty, if you’re not guilty.”
*1291 The record reveals that the appellant objected to the first comment on grounds that it was not based on facts in evidence. The trial court overruled the objection and informed the appellant that “[he would] have a chance to reply.” In Armstrong v. State, 516 So.2d 806, 810 (Ala.Cr.App.1986), this court held that “[p]rosecutorial statements which are merely trivial and non-prejudicial are not grounds for error.” See also Diamond v. State, 363 So.2d 109 (Ala.Cr.App.1978). In this case, the prosecutor’s comment would have had little, if any, effect on the jury, based upon the State’s overwhelming evidence that the appellant damaged both Mitchell’s trailer and her car. Additionally, the trial judge instructed the jury that the attorneys’ remarks in closing were not to be considered as evidence; thus, even if the remark had been improper, the judge’s instruction prevented any possible prejudice. Rule 45, A.R.App.P.
The remaining statements were not preserved for appellate review. Although the appellant objected to the prosecutor’s second statement, he failed to state specific grounds for his objection. Landreth v. State, 600 So.2d 440 (Ala.Cr.App.1992) (general objection that does not specify grounds preserves nothing for review.) Similarly, the appellant failed to make any objection to the third comment, regarding his alleged guilt. Allen v. State, 598 So.2d 1031 (Ala.Cr.App.1992); Stanley v. State, 598 So.2d 29 (Ala.Cr.App.1992).
IV
The appellant contends that he was denied effective assistance of trial counsel, because his counsel: (1) failed to make a motion for a mistrial during the prosecutor’s closing argument, (2) failed to request charges regarding lesser included offenses, (3) failed to object to the prosecutor’s questioning of the victim regarding an agreement between the victim and the appellant to settle the case, and (4) should not have allowed the prosecutor to admit the appellant’s statement to the victim that he would be responsible for damages.
An examination of the record reveals that the appellant has failed to show that counsel’s performance fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel’s unprofessional error, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
V
The appellant argues that “§ 13A-8-4, Code of Alabama 1975, as amended and signed into law on October 7, 1992, makes the felonies relied on for habitual offender treatment, now misdemeanors, in violation of the defendant’s due process rights under the equal protection clause as well as objectionable as ex post facto.”
This argument was not preserved for appellate review by timely objection at trial, or by a motion for new trial. Taylor v. State, 600 So.2d 1080 (Ala.Cr.App.1992); Gilland v. State, 593 So.2d 158 (Ala.Cr.App.1991).
VI
The appellant argues that the trial court improperly sentenced him under the Habitual Felony Offender Act to 30 years’ imprisonment. He argues that “it is required that he be sentenced to life instead of the 30-year term sentence.”
Section 13A-5-9(b)(3), Code of Alabama 1975, provides as follows:
“(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
[[Image here]]
“(3) On conviction of a Class A felony, he must be punished by imprisonment for life”
Here, the appellant was convicted of a Class A felony. Thereafter, at sentencing, the State presented certified copies of two prior felonies, now misdemeanors, committed in 1979 and 1982 (false pretenses and theft of property). The state also requests that we remand this case to the trial court for resen-tencing pursuant to § 13A-5-9(b)(3), Code of Alabama 1975.
*1292 The judgment of the trial court is affirmed as to the appellant’s conviction, but the ease is remanded for resentencing consistent with this opinion. Return shall be made to this court within 45 days of the release of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED FOR RESENTENCING.
All Judges concur.