666 So.2d 849 (1993)
Tony THOMAS
v.
STATE.
CR-91-1292.
Court of Criminal Appeals of Alabama.
August 13, 1993.
Rehearing Denied September 30, 1993.
*850 Ernestine Sapp, Tuskegee, for appellant.
James H. Evans, Atty. Gen., and Gail Hampton, Asst. Atty. Gen., for appellee.
MONTIEL, Judge.
The appellant, Tony Thomas, was indicted for disorderly conduct, a violation of § 13A-11-7(a), Code of Alabama 1975, and for possession of cocaine, a violation of § 13A-12-212, Code of Alabama 1975. The two cases were consolidated for trial and the appellant was convicted as charged in the indictment. He was sentenced to 60 days' imprisonment on the disorderly conduct charge and to four years' imprisonment on the possession of cocaine charge. The appellant received a split sentence, and was ordered to serve 90 days in prison and the remainder of his sentence on probation.
At the trial, the State's evidence tended to show the following. On the night of March 24, 1991, the LaFayette, Alabama, Police Department received a report of a disturbance at the appellant's residence. Three police officers were dispatched to the residence, and when they arrived, the appellant came out of his mobile home and asked the officers why they were on his property. The police told him that his wife had called them and had indicated that she was being harassed. *851 The officers further told the appellant that they could not leave the premises until they spoke with the appellant's wife. The officers then saw a woman, who they thought was the appellant's wife, standing on the porch of the appellant's mother's house, which was located next door to the appellant's mobile home. She was crying.
The appellant told the officers to leave his property and that they could not talk to his wife. He started to walk toward his wife. He was cursing at the officers. Testimony for the State indicated that one of the officers followed the appellant and that the appellant then turned around, struck the officer in the chest, and said, "I told you to get the fuck off my property." At that point, the appellant was arrested for disorderly conduct. The appellant took a pocket knife from his pocket and struggled with the officers. He was finally handcuffed and the officers did a "light pat down" of the appellant and found approximately 40 bullets in his pocket. The appellant was placed in the police car.
When the officers placed the appellant in the police car, the appellant refused to sit up; rather, the appellant laid on his side and twisted the entire time that he was in the vehicle. Police officers testified that when they arrived at the station and took the appellant out of the vehicle, they found six.38 caliber shells and two small plastic bags containing cocaine in the police car. Trial testimony indicated that the police car had been checked before the appellant's arrest and that it did not contain any shells or any bags.
At trial, the appellant denied cursing at the police officers and contended that he had "accidentally" bumped into the police officer. He further contended that the cocaine found in the police car did not belong to him.

I
The appellant argues that the State failed to present a prima facie case either of disorderly conduct or of possession of cocaine. The appellant further argues that the jury verdict was contrary to the great weight of the evidence. We disagree.

A
Section 13A-11-7(a)(1), Code of Alabama 1975, provides:
"(a) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
"(1) Engages in fighting or in violent tumultuous or threatening behavior...."
The evidence showed that the appellant struck a police officer and struggled with the officers while they were arresting him. This is sufficient evidence to establish a prima facie case of disorderly conduct. See Walker v. City of Mobile, 508 So.2d 1209, 1214 (Ala. Crim.App.1987) cert. denied (Ala.1987). We hold therefore that the State presented a prima facie case that the appellant violated § 13A-11-7. Additionally, the evidence was sufficient to sustain the jury's verdict.

B
The appellant contends that because, he says, there was no evidence to establish that he was in physical possession of the cocaine, the state failed to present sufficient evidence to sustain his conviction for possession of cocaine. We disagree.
While the State depended upon circumstantial evidence, we conclude that sufficient circumstantial evidence was presented "from which a jury could reasonably exclude every other hypothesis but that of guilt." Perkins v. State, 580 So.2d 4, 6 (Ala.Crim.App.1990); see also Cumbo v. State, 368 So.2d 871 (Ala. Crim.App.1978) cert. denied, 368 So.2d 877 (Ala.1979). The evidence tended to establish that the police vehicle did not contain contraband prior to the appellant's arrest, that items fell out of the appellant's pockets while he was in the vehicle, and that after he was removed from the vehicle, two bags of cocaine were found in the back seat where the appellant had been lying on his side.

II
The appellant further contends that he is entitled to a new trial because, he says, there was juror misconduct during deliberations. During deliberations, a juror asked to *852 speak to the trial judge. The judge spoke with the juror and then returned to the attorneys and explained the following:
"THE COURT: Seeing as how I'm serving as my own bailiff, they said that Stanley or somebody on the jury was trying on the pants and could they have some handcuffs. And I told them that was an experiment and that the jury could not engage in that kind of demonstration. It wasyou know, that would be going beyond deliberations. It would be conducting an experiment. It would be creation of evidence, really.
At the hearing on the appellant's motion for a new trial, the appellant introduced into evidence an affidavit of Juror C.P. which essentially stated that the jury conducted an experiment to discover what the appellant could have done with his hands handcuffed behind his back. In the affidavit, Juror C.P. stated that a juror had put the appellant's pants on and had someone tie his hands behind his back so that he could simulate the appellant's behavior while in the police car. The jurors further discussed whether the appellant would have been able to reach into his pockets while handcuffed.
The trial court held that the juror misconduct was not sufficient to warrant a new trial. We agree. In Bolt v. State, 428 So.2d 1369, 1371 (Ala.Crim.App.1982), writ denied, 428 So.2d 1371 (Ala.1983), this Court stated:
"In the absence of a showing that some new fact harmful to the appellant was discovered by the enactment, which might have influenced the jury, such action by the juror would not require the granting of a new trial. The juror's enactment did not have the effect of putting the jury in possession of evidence not introduced at trial."
Here, the pants that the appellant was wearing on the night of his arrest were introduced into evidence. The appellant had maintained at trial that he could not have put the cocaine in the police car because he was handcuffed and because one of the pockets had a torn zipper. As we stated in Bolt, "In the absence of a showing that new facts were introduced to the jury by the juror's enactment, the order of the circuit court in denying the motion for a new trial was in no way an abuse of discretion." Id. There is no showing that any new facts were introduced to the jurors by one of the juror's trying on the appellant's pants. The jury was not in possession of any evidence that was not introduced at trial. Thus, we hold that the trial court did not abuse its discretion in denying the appellant's motion for a new trial.

III
The appellant further contends that the trial court's comment about the pockets on the pants that he was wearing on the night of his arrest constitutes reversible error. The record reflects the following:
"THE COURT: Okay. Let me see those [pants] just a minute. Is this a pocket down here on the side of the leg?
"MS. SAPP [defense counsel]: Yes, sir. That's a zip pocket we showed to the jury.
"THE COURT: You got a zipper pocket down there. And what sort of pocket is that there?
"THE WITNESS [appellant]: Just a pocket that was on them.
"THE COURT: Is that a pocket, too? A watch pocket, is that what it is?
"THE WITNESS: I don't know. I just bought the pants like that.
"THE COURT: That's where you put a little old bitty something in there, isn't it, like a Watch?"
The appellant argues that the trial judge, by the above questions, expressed the opinion that the appellant could have kept the cocaine in the small pocket. However, no objection was made to the trial judge's questions by defense counsel, and no request was made for a curative instruction. Matters not objected to at trial and not ruled upon by the trial judge, will not be considered for the first time on appeal. Gilland v. State, 593 So.2d 158 (Ala.Crim.App.1991). Therefore, this issue is not preserved for our review.

IV
The appellant further contends that the trial court erred in permitting the State to present evidence regarding his prior misdemeanor conviction for menacing.

*853 A
The appellant first contends that he does not have a prior misdemeanor conviction for menacing because, he argues, the docket sheet relating to this offense shows that the costs and the fine were remitted; therefore, he argues, the trial court should not permitted the testimony and should have granted the appellant a mistrial. Regardless of whether the costs and fine were remitted in the misdemeanor conviction, the docket sheet for that offense clearly shows that the district court adjudged the appellant guilty menacing. It is discretionary with the trial court to grant or deny a motion for a mistrial. Green v. State, 599 So.2d 631 (Ala.Crim. App.1991) cert. quashed, 599 So.2d 635 (Ala. 1991). Because the docket sheet shows that the appellant was convicted of menacing, regardless of the fact that the costs and fines were remitted, we hold that the trial court did not abuse its discretion in allowing the testimony.

B
The appellant next contends that the trial court erred by permitting the State to cross-examine the appellant's character witnesses regarding the appellant's prior misdemeanor conviction. We disagree.
During direct examination, the witnesses testified to the appellant's good reputation in the community. When witnesses have testified to the good reputation of a defendant, it is permissible on cross-examination to test their knowledge of the defendant's reputation by asking if they have heard of specific acts of the defendant that tend to mitigate against his reputation. Crowe v. State, 333 So.2d 902, 904-05 (Ala.Crim.App.), cert. denied, 333 So.2d 906 (Ala.1976); Frazier v. State, 56 Ala.App. 166, 320 So.2d 99 (1975). Therefore, no error occurred when the prosecution asked the appellant's character witness if the witness knew that the appellant had been previously convicted of menacing.

C
The appellant further contends that the trial court erred in reading the menacing statute to the jury in response to the jury's question regarding what constitutes the offense of menacing. We find no error. After a question from the jury, the trial court stated:
"THE COURT: Ladies and gentlemen, I'm going to tell you what menacing is since you've asked. I will tell you in addition to that you may not assume any particular fact situation concerning this matter. What I am giving to you is strictly a legal definition of the offense of menacing since you have asked that question and don't know what it is. If somebody had said murder, you would have a general idea about what it is. If somebody had been said robbery, you would have some general idea. I take it from your question that you have no idea what menacing is, and I'm going to tell you.
"A person commits the crime of menacing if by physical action he intentionally places or attempts to place another person in fear of imminent serious physical injury.
"Now, again, I will tell you that you may not make any assumption about any factual scenario from that. That is the legal definition of menacing."
"This court has opined on many occasions that the jury is entitled at all times to have access to the trial court for such additional instructions as they may require." Thomas v. State, 455 So.2d 278, 281 (Ala.Crim.App. 1984) (citations omitted). Here, the trial court answered the specific question of the jury and informed the jury that it was not to assume any facts about the menacing offense. The trial court did not err in giving the jury the legal definition of menacing.

V
The appellant next contends that his warrantless arrest was illegal and that the evidence consisting of items seized from him as a result of his arrest should have been suppressed by the trial court. We disagree.
As we previously stated, the State presented a prima facie case of disorderly conduct. The appellant cursed the police officers, struck an officer, and struggled with the officers while he was armed with a knife. Section 15-10-3(1), Code of Alabama 1975, provides that an officer may arrest a person *854 without a warrant "for any public offense committed or a breach of the peace threatened in his presence." The appellant clearly committed the offense of disorderly conduct in the presence of the police officers. Therefore, the warrantless arrest of the appellant was proper and the items seized as a result of that arrest were properly introduced into evidence.

VI
The appellant contends that the trial court erred in failing to give his requested jury charges 9, 10, 11, 14, 15, 21, 22, 23, and 24. The appellant's argument is without merit.
The appellant's requested jury charges 9 and 14 pertained to theories of active and constructive possession of a controlled substance. Following the trial court's oral charge to the jury, the trial court stated that it did not give these two charges to the jury because it had given them "in substance at least four or five times in the course" of the entire instructions. The trial court did not err in refusing to give the requested instructions where the same rule of law was substantially and fairly given in the oral charge. Williams v. State, 600 So.2d 432 (Ala.Crim.App.1992); See also Fountain v. State, 586 So.2d 277, 279-280 (Ala.Crim.App. 1991).
Requested charge 10 stated that a person cannot be convicted of an offense based on mere speculation. The charge further specified that before a verdict of guilty could be rendered, each juror must be convinced of the appellant's guilt in his or her own individual conscience. The trial court refused the charge, stating that it is not a correct statement of the law because it did not set out the correct standard, which is reasonable doubt. The trial court refused to accept "individual conscience" as a standard in determining a defendant's guilt or innocence. The record reveals that in its charge in its entirety the trial court adequately instructed the jury on the reasonable doubt standard. Thus, the trial court was not required to give the appellant's requested charge. See Fountain.
Charge 11 concerned the theory that someone other than the appellant committed the crime of possession of cocaine. The trial court stated that it refused to give the charge because it was not supported by the evidence. No evidence was presented during the trial to suggest that someone else had committed the crime. The trial court is not required to give a charge that is unsupported by the evidence. See Thornton v. State, 369 So.2d 63 (Ala.Crim.App.1979).
Appellant's counsel waived any objection to charge 15 after the jury was given the instructions, agreeing that he would not contest the charge.
Requested charges 21 and 24 concerned warrantless arrests. The trial court had previously determined that the warrantless arrest of the appellant was proper when the motion to suppress was argued. We agree. Giving these charges would merely confuse the jury; thus, the trial court properly denied these requested charges. Dill v. State, 600 So.2d 343 (Ala.Crim.App.1991) aff'd, 600 So.2d 372 (Ala.1991), cert. denied, 507 U.S. 924, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993).
Requested charge 22 defined a "public place." The trial court properly refused to instruct the jury in this regard because a "public place" is not a necessary element of either of the offenses with which the appellant was charged. The charge would only confuse the jury. Id.
Last, the appellant's requested charge 23 defined the term "breach of the peace." Just as with the definition of "public place," the term "breach of the peace" is not used in the statute under which the appellant was charged. Although breach of the peace might have supported the warrantless arrest, it is not an element of the offenses with which the appellant was charged, Therefore, the trial court properly refused to give requested charge 23.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
*855 McMILLAN and PATTERSON, JJ., concur.
BOWEN, P.J., concurs in result only, with opinion, in which TAYLOR, J., joins.
BOWEN, Presiding Judge, concurring in result only.
I disagree with the majority's conclusion in Part II that "[no] new facts were introduced to the jury by the juror's enactment" of trying on the appellant's pants, having his hands bound behind him, and experimenting to see whether he, like the appellant is alleged to have done, could have reached his pockets in that position. The majority's finding that "[t]he jury was not in possession of any evidence that was not introduced at trial" is simply wrong. Although the pants were introduced into evidence at trial, the appellant did not wear the pants, did not have his hands bound, and did not have his "arms' reach" measured. Clearly, this was an "experiment" by the juror.
Defense counsel, however, on hearing of the experiment at trial made no objection but gambled instead on the verdict of the jury, and therefore, waited to raise the issue in his motion for new trial. This constituted a waiver of objection. "The grounds urged for a new trial must ordinarily have been preserved at the trial by timely and sufficient objections." Fuller v. State, 365 So.2d 1010, 1013 (Ala.Cr.App.1978), cert. denied, 365 So.2d 1013 (Ala.1979).