The sole issue raised in this appeal is whether the trial court erred in denying plaintiff's motion for new trial, which alleged juror misconduct in considering evidence not presented at trial. We reverse.
Justice Faulkner ably presents the facts of the case in his dissent. Therefore, we will not restate all of them here. The affidavit of juror McAlister, offered in support of plaintiffs' motion for new trial, indicates that extraneous facts were introduced into the jury's deliberation process and that those facts were "important" in reaching a decision. The plaintiffs' *Page 271 
assertion that the affidavit is admissible in support of their motion for new trial is correct when, as in this case, the affidavit is offered to show that extraneous facts were introduced to the jury and that these facts influenced the verdict. See, Whitten v. Allstate Insurance Co., 447 So.2d 655
(Ala. 1984).
In Whitten we also clarified the rule as to when juror misconduct will justify a new trial. "Juror misconduct will justify a new trial when it indicates bias or corruption, or when the misconduct affected the verdict, or when from the extraneous facts prejudice may be presumed as a matter of law."Id. at 658. In Whitten three jurors made an unauthorized examination of the scene of an accident which was the basis of the suit the jurors were hearing. In the hearing on the motion for a new trial, two jurors, one by affidavit and the other orally, said that the view of the scene influenced them to change their decision. One of the two had actually visited the scene; the other had only received information from the jurors who did view it. This Court reversed the trial court's denial of the motion for new trial, saying that "the trial court could not have found that the effect of the unauthorized views and the discussions about them were not prejudicial."
In this case the affidavit of juror Roger McAlister indicated that Mr. McAlister and another juror took measurements of pick-up trucks after the first day of deliberations; that they discussed and demonstrated their measurements and findings with other jurors; and that "the height of the truck and the boy was important in reaching [their] decision because it would be physically impossible for the boy to hit the windshield while standing straight up." It is clear that extraneous facts were introduced into the jury's deliberations. It is also clear from Mr. McAlister's affidavit that the extraneous facts did influence at least McAlister's decision, and he thought that it also influenced the other jurors' decisions. The defendant points out that there were a number of photographs introduced as exhibits at trial that had pick-up trucks in them and therefore, he says, the trial court was free to conclude that the measurements did not affect the jury's verdict.
Initially, we point out that the parties on appeal dispute the matter as to whether the plaintiffs contended at trial that the boy hit the side mirror or the windshield. We do not have the complaint in the record, but we note that defendant Allison, in both his answers to interrogatories and in his deposition, claimed that the boy did hit the windshield, and he said at trial that the impact cracked his windshield. There is in the record a photograph of defendant's pick-up with a cracked windshield. The defendant maintains that the boy "leaped" into his truck as it passed. An important issue from the defendant's standpoint, then, is whether it was possible for the windshield of the truck to strike the boy when he was standing up straight if the truck swerved off the road, or whether the boy must have "leaped" (and we presume by this that he leaped up and out) into the path of the truck as it passed and struck the windshield.
The height of the boy and the windshield were, therefore, critical in determining whether the accident must have occurred as the defendant maintained. Juror McAlister apparently understood the importance of such measurements, because he took steps to determine the height of pick-up truck windshields, and his testimony indicates that his findings were important in reaching a decision. We reject the defendant's contention that the same evidence was properly before the jury through the photographs, since it is unlikely that the jurors could have determined the exact height of the windshield from the photographs without a great deal of expertise. Although we are unable to determine whether the introduction of the extraneous facts did change the decision of the jurors, consideration of the extraneous facts was crucial in resolving a key material issue in the case, and we conclude that the trial court could not reasonably have found that *Page 272 
the introduction of the extraneous facts into the jury's deliberations was not prejudicial. In finding no prejudice, the trial court erred.
REVERSED AND REMANDED.
JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, FAULKNER and ALMON, JJ., dissent.