Tony Thomas was convicted of disorderly conduct and possession of cocaine and was sentenced to 4 years and 60 days' imprisonment. The sentence was split and Thomas was ordered to serve 90 days in prison and the remainder of the time on probation. The Court of Criminal Appeals affirmed the conviction. Thomas v. State, 666 So.2d 849 (Ala.Cr.App. 1993). On this certiorari review, Thomas claims the trial court erred in reading the "menacing" statute to the jury; that the trial judge improperly injected himself into the trial by commenting on the evidence; that the evidence was insufficient to support either conviction; that his warrantless arrest for disorderly conduct was illegal and, therefore, that any items seized as a result of that arrest should have been suppressed; that the jury conducted improper experiments that affected the verdict; and that the Court of Criminal Appeals misapplied the standard for determining jury misconduct or applied the wrong standard on that question. We reverse and remand.
The record, viewed in the light most favorable to the State, suggests the following facts:
On the night of March 24, 1991, the Lafayette Police Department received a report of a disturbance at the defendant's residence. Officers were dispatched to the scene; when they arrived, the defendant came out of his home and asked them why they were on his property. The officers told him that the department had received a call from his wife, who indicated that she was being harassed. They told the defendant that he could not leave until they had spoken with his wife. He then became belligerent and began cursing the officers, telling them that they could not see his wife and to get off his property. The officers testified that the defendant then *Page 857 
struck one of the officers in the chest and that when he did so they placed him under arrest, charging him with disorderly conduct. The officers handcuffed the defendant, patted him down, and placed him in their patrol car. While being transported to the police station, he refused to sit up and, instead, reclined in the seat. When they arrived at the station and the defendant was removed from the car, six.38 caliber shells and two small bags of cocaine were found under the backseat. Thomas was then charged with possession of cocaine. Because that charge was not based on evidence taken from Thomas's person, but rather on cocaine found in the police vehicle after Thomas's arrest, at trial the question of possession turned on whether the defendant would have been able to reach into the front pocket of his pants (the pants had no rear pockets), while handcuffed, to extract the cocaine.
The Court of Criminal Appeals correctly determined that the trial court did not err in reading the menacing statute to the jury in response to the jury's question as to the definition of "menacing." Thomas contends that it is proper for a trial court to give additional instructions only after the jury has begun its deliberations, relying on Thomas v. State, 455 So.2d 278
(Ala.Cr.App. 1984) (a case involving a different defendant with the same last name as this defendant). Although the jury inThomas had begun its deliberations when the additional instructions were given, the Court of Criminal Appeals properly held in that case that "the jury is entitled at all times to have access to the trial court for such additional instructions as they may require." 455 So.2d at 281 (emphasis added). The trial court did not err in reading the menacing statute.
The defendant asserts that the Court of Criminal Appeals erred when it refused to consider whether the judge's comments about the pockets on the jeans resulted in reversible error. The Court of Criminal Appeals properly noted the ordinary rule that "[m]atters not objected to at trial and not ruled upon by the trial judge will not be considered for the first time on appeal," Thomas v. State, 666 So.2d at 852 (citing Gilland v.State, 593 So.2d 158 (Ala.Crim.App. 1991); however, if the matter has caused ineradicable harm, then a motion for new trial raising the issue will preserve the issue for appeal.Johnson v. State 480 So.2d 14, 17 (Ala.Crim.App. 1985). The Court of Criminal Appeals properly refused to consider this issue, because, at trial the defendant did not object to the comments and, contrary to Thomas's claim, any harm caused by the comments was not ineradicable. The judge merely pointed out a small watch pocket on the front of the pants, partially concealed by a larger pocket.
"The jury's verdict is presumed to be correct, and that presumption is strengthened by the trial court's denial of a motion for a new trial." Stokes v. Long-Lewis Ford, Inc.,549 So.2d 51, 52 (Ala. 1989). Here, although some testimony was controverted, the evidence was sufficient to support the jury's finding of guilt on both charges.
The officers at the scene testified that they arrested the defendant for disorderly conduct because he cursed them and hit one of them. The defendant claims that he did not strike the officer, but merely shoved him, and that he did not curse either of them. He claims that even if he had done those things they would not constitute "disorderly conduct," because, he says, he was in a rural area and therefore could not have had the statutorily required "intent to cause public inconvenience." § 13A-11-7(a)(1), Ala. Code 1975. The Court of Criminal Appeals correctly ruled that Thomas could have been guilty of disorderly conduct, citing Walker v. City of Mobile,508 So.2d 1209 (Ala.Crim.App. 1987). Although the defendant inWalker assaulted the officer in a neighborhood where the houses were apparently fairly close to one another, whether the defendant is within a city when he strikes or shoves a police officer has no bearing on the issue of disorderly conduct.
During its deliberations, the jurors asked the judge for a pair of handcuffs so that they might determine to what extent handcuffs affect one's mobility. The judge denied the request and informed the jury that such experimentation was improper. After the judge denied that request, a member *Page 858 
of the jury put on the pants the defendant had been wearing at the time of his arrest (those pants having been put into evidence), had another juror bind his hands behind him with a cord, and attempted to reach into the pockets. This Court held, in Whitten v. Allstate Ins. Co., 447 So.2d 655, 658 (Ala. 1984), that "[j]uror misconduct will justify a new trial when . . . the misconduct affected the verdict, or when from the extraneous facts prejudice may be presumed as a matter of law." This Court later expanded its definition of juror misconduct that constitutes reversible error to include those instances where the extraneous facts did not necessarily "change the decision of the jurors," but where the jury's considering them was "crucial in resolving a key material issue." Hallmark v.Allison, 451 So.2d 270, 271 (Ala. 1984). Thomas maintains that the extraneous evidence "affected the verdict" or at the very least was "crucial in resolving a key material issue." He says that this is obvious because, he says, the jurors would not have conducted their experiment if they had been convinced from the evidence properly before them that it was possible for him to have removed the cocaine from his pocket, an act necessary for the prosecution to prove in order to convict. One juror executed an affidavit saying that she had based her decision in part on the experiment. The Court of Criminal Appeals looked toBolt v. State, 428 So.2d 1369 (Ala.Crim.App. 1982), and held that there was no reversible error because the jurors' experiment did not disclose any new fact prejudicial to the defendant. Here, however, new evidence was introduced by the juror's experiment. Before the experiment, the jury had heard no evidence of the defendant's reach while handcuffed and it had heard no evidence as to how loosely or tightly the handcuffs held his hands. In addition, the rope used to bind the juror's hands during the experiment had not been introduced in evidence. Because the improper experiment introduced new evidence crucial in resolving a key material issue (whether the defendant was physically capable of removing the cocaine from his pocket), the juror misconduct constituted reversible error.
Further, the defendant claims that he did not learn the extent of the experiment until after the jury had returned its verdict, and, therefore, that he raised it at the first available time when he raised it in his motion for a new trial. We agree with this proposition. Indeed, the defendant could scarcely have anticipated that the jurors would defy thejudge's express orders to refrain from such experiments. Thesefavorable instructions from the trial judge, coupled with the unforeseeability of the jury's conduct, obviated any responsibility the defendant might otherwise have had to interpose a contemporary objection. We must conclude that, under these facts, the issue was timely raised in the motion for a new trial, based on the post-verdict affidavit. SeeNowogorski v. Ford Motor Co., 579 So.2d 586 (Ala. 1990) (trial court erroneously denied a new-trial motion, which was based on information obtained after the jury returned its verdict and which showed that the jury had consulted a dictionary during its deliberations).
For the foregoing reasons, the defendant is entitled to a new trial. The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, and INGRAM, JJ., concur.