[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14844
Non-Argument Calendar
_____

D. C. Docket No. 1:12-cv-00518-MEF-WC

MARY LOUISE RICHARDSON DOZIER,

Plaintiff-Appellant,

versus

CHERLENE VICKERS,
Clerk,
DOUGLAS VALESKA,
Prosecutor,
LAWTON ARMSTRONG,
MARK JONES,
Police,
STATE OF ALABAMA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 20, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Mary Dozier was arrested in Alabama on July 16, 1987, for possession of cocaine and was sentenced to a term of probation on April 29, 1988. While on probation, she was arrested for selling crack cocaine to an undercover officer, and her probation was revoked on October 28, 1988. She was sentenced to a two-year term of imprisonment. After her release, she was convicted on two counts of unlawful distribution of a controlled substance and was sentenced as a habitual offender to a sixty-year prison term in November 1992.

On June 18, 2012, Dozier, proceeding pro-se, brought this 42 U.S.C. § 1983 action for damages. She alleged that she was arrested, prosecuted, and sentenced for those controlled substance offenses in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The defendants consist of the police officers who arrested her, the attorney who prosecuted her, and the clerk of the court. The District Court sua sponte dismissed her complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). She now appeals.

On appeal, Dozier raises two issues. First, she argues that her claim is not barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because she claims her convictions were invalidated when the Alabama

2

state court remitted in 2008 the fines imposed as part of the sentence she received. Second, she argues that her claim is not barred by the statute of limitations because she claims her action should have been measured against Alabama's six-year statute of limitations for false imprisonment.

Upon a de novo review of the record and consideration of the parties' briefs, we affirm.

## I.

A court "shall dismiss" a case filed in forma pauperis if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  However, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  We review de novo the district court's sua sponte dismissal for failure to state a claim, viewing the allegations in the complaint as true.  Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

Under Heck v. Humphrey, if a judgment in favor of the plaintiff on a § 1983 complaint for money damages "would necessarily imply the invalidity of [the] conviction or sentence," the district court must dismiss the complaint unless the plaintiff can "demonstrate that the conviction or sentence has already been invalidated" by "prov[ing] that the conviction or sentence has been reversed on

3

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87, 114 S. Ct. at 2372.

If successful, Dozier's claim for damages under § 1983 "would necessarily imply the invalidity of [her] conviction." Heck, 512 U.S. at 487, 114 S. Ct. at 2372. Thus, to proceed on her claim, Dozier must first show that her conviction has been reversed, expunged, invalidated, or called into question by issuance of a writ of habeas corpus. Id. She has failed to do so.

Though Dozier cites one case, Chisholm v. State, 42 Ala. 527, 528 (1868), in which the Alabama Supreme Court found that remittance of a fine pursuant to the Governor's pardon power under the Alabama Constitution "destroyed the vitality of the judgment, except as to costs," the more recent cases and statutory law of Alabama strongly suggest that the remittance of fines does not in all circumstances constitute such an invalidation. In Thomas v. State, the Court of Criminal Appeals of Alabama considered appellant's argument that remittance of the costs and fine associated with a menacing conviction invalidated that conviction. Thomas v. State, 666 So. 2d 849, 853 (Ala. Crim. App. 1993), rev'd on other grounds sub nom. Ex parte Thomas, 666 So. 2d 855 (Ala. 1995). It held that appellant still had a valid conviction for menacing, because "[r]egardless of whether the costs and fine were remitted in the misdemeanor conviction, the docket sheet for that offense

4

clearly shows that the district court adjudged the appellant guilty [of] menacing."

Id.  The Alabama Rules of Criminal Procedure, moreover, provide for an inquiry

into a defendant's inability to pay a fine due to indigency and give Alabama courts

the option of "releas[ing] the defendant from obligation to pay the fine."  Ala. R.

Crim. P. 26.11(g) and (h)(5).

Dozier's claim that her conviction was invalidated in 2008 when her fines

were remitted is without merit.  Based on the information in the Case Action

Summary that Dozier attached to her complaint, her fines were remitted not

because her conviction was invalid, but because indigency and substantial hardship

rendered her incapable of paying them.  As in Thomas, "[r]egardless of whether

the costs and fine were remitted" in her conviction, she was still judged guilty and

convicted for the offenses in question.  Thomas, 666 So. 2d at 853.  Thus, because

she has failed to show that her conviction was invalidated, we conclude that the

district court did not err in finding her claim barred by Heck, and affirm.

## II.

Because Dozier's complaint is barred by Heck, we need not reach the statute

of limitations issue.

**AFFIRMED.**